### OLIVER *v.* MOORE.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

RENT—RECOVERY—EVIDENCE.

Plaintiff, a boarding-house keeper, leased rooms to G. for a certain term and for a specified rent, and agreed to furnish board for G. and her maid. G. died during the term, and plaintiff sued her administrator for the difference between the agreed rent and the rent she received from five persons to whom she afterwards rented the rooms. The court held that defendant was entitled to deduct the amount plaintiff saved by not having to board G. and her maid during the balance of the term. Plaintiff testified that such board would not have added to her necessary expenses, but she also testified that the board of the three additional persons in such rooms cost her $126. The jury found for plaintiff the amount she claimed, less $126. *Held,* that there was nothing in the evidence to support such a verdict.

Appeal from circuit court, New York county.

Action by Margaret A. Oliver against John L. Moore, executor of Harriet Gross, deceased. Defendant having died pending the action, William L. Moore, as administrator with the will annexed of Harriet Gross, was substi-

tuted as defendant. Said defendant appeals from a judgment for plaintiff entered on a verdict, and from an order denying a motion for a new trial. For the decision on exceptions taken at a previous trial, see 6 N. Y. Supp. 413.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*H. Kettell*, for appellant. *J. Noble Hayes*, for respondent.

VAN BRUNT, P. J. This action was brought by a boarding-house keeper to recover under an agreement to let certain rooms, with board. The facts, as they appeared upon the trial, were as follows: In 1884 the plaintiff, who occupied a house No. 675 Fifth avenue, entered into a sealed agreement, whereby she agreed to let Harriet Gross two rooms in the third story of her house for the term of eight and one-half months from October then next, at a rate of $2,725, to be paid in weekly portions of $75 each, beginning on October 1st; and also that she would furnish suitable food for the said Harriet Gross, in a suitable manner, for herself and her waiting maid, for the whole term for which the agreement was made, without additional charge or expense to said Harriet Gross other than was therein contained. Miss Gross and her maid entered into the occupation of the two rooms, and continued to occupy them until the 27th of November, 1884, when Miss Gross died. The plaintiff furnished board to the maid up to February 7, 1885. The compensation specified in the agreement was paid to the plaintiff up to about the time of Miss Gross' death. Thereafter this action was commenced against the executor of Miss Gross to recover the amount specified in the agreement, after crediting her estate with $186 received from persons who occupied the rooms after Miss Gross' death. The plaintiff insisted that the defendant was not entitled to claim any offset, upon the theory that the plaintiff had saved money by not being obliged to board the decedent and maid for the whole term. Upon the previous trial of the case this view was taken, which, however, was reversed by the general term, they holding that the defendants were entitled to a deduction for what it would have cost the plaintiff to have boarded Miss Gross and her maid to the end of the term. The case was then again tried, and the foregoing facts appeared, and also that the plaintiff had rented the premises in question from the 1st of May to the 15th of June, 1885, at the rate of $45 a week. The family consisting of five persons, it was claimed by the plaintiff that, although it would have cost little or nothing to board Miss Gross and her maid, upon the theory that, in a household as large as hers, the addition of one or two boarders made no difference in expense of running the house, yet she insisted that the addition of three persons in the new tenant's family entailed an additional expense of $21 a week, or $126 in all. The claim of the plaintiff, after deducting certain credits, amounted, with interest, to $1,353.02. The jury rendered a verdict for $1,227.02, apparently deducting the $126 which the plaintiff stated had been the additional cost of boarding the three additional persons in the family of her new tenant. After a careful examination of the evidence, it has been impossible to reconcile the verdict with any theory which has any support in the evidence. It certainly did not cost the plaintiff any more to board the three additional persons in her new tenant's family, in proportion, than it cost to board Miss Gross and her maid, although she says that Miss Gross ate very little, and the maid had a remarkably good appetite. The plaintiff testified that the additional cost for these three persons was $21 per week, or $1 a day, and yet that it cost nothing to board Miss Gross and her maid. This shows how utterly unreliable this story is as to there being no additional cost in the boarding of one or two additional persons. If it cost nothing additional to board Miss Gross and her maid, it certainly should have cost nothing additional to board at least two more than Miss Gross and her maid. Thus we see that the jury have disregarded each and every theory which is possible to

be deduced from the evidence; which either shows that it cost nothing to board Miss Gross and her maid, or that it cost a dollar a day at least for each. There was evidence from which it might be found that the expense of board would have been more than that, but, taking the case most favorable to the plaintiff, there is no theory whatever which can be derived from the evidence which would support the verdict. The jury are to be guided by the evidence. They cannot guess at an amount which should be due to the plaintiff. They must find their verdict upon the evidence, and upon the evidence alone; and if there is no evidence to support their verdict, it has no foundation, and must fall. There is no evidence to support the verdict in question. It may have been difficult for them to arrive at a conclusion from the meagerness of the evidence, and its uncertain and unsatisfactory character, but that fact does not justify the rendition of an arbitrary verdict, unsupported by any evidence which has been adduced in the case. There is nothing whatever to justify a deduction of $126, and it seems to be evident that such deduction was made without realizing the relations of the parties or the effect of the evidence, and that the verdict was not an intelligent deduction of the jury from the evidence introduced on the trial. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.