## HOE *v.* HOEY.

(*City Court of New York, General Term.* June 19, 1891.)

APPEAL—REVIEW—INSUFFICIENT EVIDENCE.

In an action for rent, the only evidence of a contract between the parties, or of the value of the use of the premises, was the uncontradicted testimony of plaintiff's agent that defendant asked to have the use of the premises to store some goods for about three days; that witness told defendant that the premises rented for $250 a month, and that he could occupy them at that rate; that defendant took possession of and occupied the premises for nearly two months; and that the value of such use and occupation was $475. The answer averred that the value of the use and occupation of the premises by defendant was $100, but no evidence was offered in support of the averment. *Held,* that a verdict for plaintiff for $100 would be set aside, at plaintiff's instance, as not sustained by the evidence.

Appeal from trial term.

Action by Robert Hoe against John Hoey. From a judgment entered on a verdict for plaintiff for $100, and from an order denying a motion for a new trial, made by plaintiff on the ground that the verdict was for an insufficient amount of damages, and was contrary to the evidence and contrary to law, plaintiff appeals.

Argued before EHRLICH, C. J., and McGOWN and McCARTHY, JJ.

*James Flynn,* for appellant. *Seward, Da Costa & Guthrie,* for respondent.

McGOWN, J. This action was brought by the plaintiff to recover from the defendant the sum of $475, the alleged reasonable value of the use and occupation of the first or store floor of plaintiff's building, No. 8 West Twenty-Eight street, New York city, from the 29th day of April, 1889, to

the 26th day of June, 1889. Defendant on the 16th day of April, 1890, offered in writing to allow judgment to be taken against him herein for the sum of $100 and costs. The offer not having been accepted, defendant in his answer, verified on the 8th day of May, 1890, denies all the allegations in the complaint, except as to non-payment and demand, and alleges that one Charles S. Peck, the agent of the plaintiff, agreed with the defendant to permit him to keep certain furniture on said premises for a reasonable time; that defendant did not, at the time said agreement was made, agree to pay any compensation for the use and accommodation of said premises, or for the storage of said goods; that on or about the 1st day of June, 1889, at the suggestion of one Charles S. Peck, he, the defendant, agreed to pay a reasonable sum for storage of said goods; and that a fair and reasonable sum for such storage, or for the use and occupation of said premises for such purpose, would be the sum of $100. Charles S. Peck, the agent of the plaintiff in respect to the premises in question, testified that on the 29th of April, 1889, the defendant called and asked permission to have the store for about three days, and stated that he would want it for about three days; that he had some goods there at that time, and that he said he would move the goods out after the Centennial holidays; that the witness informed him that he could have it, and said to defendant: "But as agent I must say to you that it is a matter of dollars and cents,—a matter of rent." That defendant asked: "'What should you charge for it?' I said we had been getting at the rate of $250 a month. We have let it for $250 a month, and I could not consent to your having it for less than that amount." Mr. Hoey said: "We will make it all right. Very much obliged, and we shall bother you but three or four days, until after the holidays are over." The witness Peck further testified that there was no arrangement made for any definite time, that defendant occupied the store from the 29th of April until the 26th of June, 1889, three or four days short of two months; and on cross-examination witness testified that, at the rate of $250 a month, that would amount to $475; that he had six or seven subsequent conversations with defendant in reference to the place; that the store was occupied for keeping furniture, and that defendant's workmen were overhauling and repairing furniture, and disfiguring the floors terribly, and the walls. Upon direct examination, he testified that the rental value of the store, while defendant occupied it, was at the rate of $250 a month, and that he received the keys from the defendant on the 26th day of June. On cross-examination he further testified that no one else occupied any portion of the store by any knowledge or consent of his. This testimony of the witness Peck was not, in any respect, contradicted by any of the witnesses on the part of the defendant. The defendant was not called to contradict the witness Peck as to what took place between Peck and the defendant on the 29th of April, 1889, or at any other subsequent time. The defendant's witness Marratt testified that "about the last of April there was an exhibition of some historical painting by some parties held at No. 8 West Twenty-Eight street. There was an admission charged to that exhibition. Mr. Peck told me that he was getting $75 for the use of the place for one week." This testimony was positively contradicted by the witness Peck. Witness Marratt further testified that he worked there "during the time altogether less than two months, under the employ of defendant, in repairing furniture," etc. After the testimony had closed, plaintiff's counsel asked for a direction of a verdict in favor of the plaintiff, which request was denied, and plaintiff's counsel excepted. Recognizing the fact that appellate courts seldom interfere with the verdict of a jury rendered on conflicting evidence, yet there are cases where to allow a verdict to stand would work a great hardship and injury to a party and in such cases we think it the duty of the court to interfere so as to protect the substantial rights of a party. In this case the only

evidence which would authorize any verdict in favor of the plaintiff was the uncontradicted evidence of the witness Peck. While we concede that the jury had a right to discredit the testimony of the witness Peck as an interested party, and not corroborated, yet it is evident that they did not discredit his testimony, from the fact that, had they done so, there would have been no legal evidence whatever which would warrant a verdict for any amount in favor of the plaintiff. The jury had no other evidence of the contract or value.. If they did not find their verdict on the evidence of Peck, they found it without any evidence whatever, and, finding it on his evidence, they have found it contrary to his evidence, and therefore contrary to evidence. The jury evidently based their verdict for $100 upon the fact that defendant had alleged in his answer "that a fair and reasonable sum for such storage, or for the use and occupation of said premises for such purposes, would be the sum of $100." No evidence, however, was offered by defendant to show that said sum was the fair and reasonable sum for such storage or use and occupation, while the uncontradicted evidence of the witness Peck was that such value was $250 per month. We do not think it can be claimed that had defendant fixed such value at the sum of $10, instead of $100, the jury would have been justified, upon the evidence in the case, in rendering their verdict for that amount. In *McDonald* v. *Walter*, 40 N. Y. 553, WOODRUFF, J., says: "And therefore the deliberate conclusion of the jury upon the facts is very rarely interfered with. Nevertheless it would be strange, if true, that no instance should occur in which, through misapplication of the law to the facts which they found proved, or through prejudice, or passion or mistake, injustice is done which it becomes the duty of the court to correct. While the general rule should be preserved, it would not be safe to assert the uncontrollable supremacy of the jury. Both in England and in this country, therefore, the court has always exercised the power of reviewing the evidence on a case made for the purpose, and of granting a new trial, where, upon a cool and deliberate examination, the ends of justice seem to require it; and this is always the plain duty of the court where the verdict is palpably against the law applied to the facts found."

Upon the uncontradicted evidence upon the part of the plaintiff, the plaintiff was entitled to recover the sum of $475, as the fair and reasonable value of the use and occupation of the premises. They also had the right to deduct therefrom the sum of $75, provided they found, upon contradictory evidence, that plaintiff had received the sum of $75 from other parties for the use of the premises for the exhibition of the painting; but we do not find any evidence in the case which authorizes the jury to return the verdict rendered for the sum of $100. We think, therefore, that the verdict was clearly against the weight of evidence. In *Brockman* v. *Buell*, 9 N. Y. Supp. 895, the action was brought to recover the value of a horse valued at $200. Judgment was rendered in favor of the plaintiff for $40. On appeal to the general term of the court of common pleas, LARREMORE, C. J., in his opinion, says: "As the court below found in favor of the plaintiff, thereby establishing his right to recover the property, or its value, it is somewhat difficult to understand the reason for the amount awarded. The testimony appears to be undisputed that the value of the horse was $200. Evidently the court did not take this into consideration in assessing damages. We are asked to render a verdict in plaintiff's favor for the value of the horse. This is not the province of the appellate court. The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event." In *Oliver* v. *Moore*, 12 N. Y. Supp. 343, where the jury disregarded the evidence, VAN BRUNT, P. J., presiding at the general term of the supreme court, in his opinion says: "The jury are to be guided by the evidence. They cannot guess at an amount which should be due the plaintiff. They must find their verdict upon the evidence, and upon the evidence alone; and,

if there is no evidence to support their verdict, it has no foundation, and must fail. There is nothing whatever to justify a deduction of $126, and it seems to be evident that such deduction was made without realizing the relation of the parties or the effect of the evidence, and that the verdict was not an intelligent deduction of the jury from the evidence introduced on the trial. The judgment must be reversed, with costs to abide the event." The plaintiff having moved for a new trial upon, among other grounds, "the ground that the verdict was for an insufficient amount of damages," and said motion having been denied, and an order entered thereon, and an appeal taken from said order, the whole case is before the appellate court upon the law as well as the facts. *Tate* v. *McCormick*, 23 Hun, 218. The verdict being against the weight of evidence, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.