OLIVER *v.* MOORE.

*(Supreme Court, General Term, First Department.* June 26, 1891.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
  Where a verdict is fairly supported by the evidence, it will not be disturbed on appeal.

Appeal from circuit court, New York county.

Action by Margaret A. Oliver against William L. Moore, administrator with the will annexed of Harriet Gross, deceased. There was a judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*H. Kettell,* for appellant. *J. Noble Hayes,* for respondent.

BARRETT, J. This is the third time that this case has come before the general term. Upon the original appeal the questions of law were fully examined, and decided in the plaintiff's favor. 6 N. Y. Supp. 413. The defendant's exceptions were then overruled, but a new trial was ordered upon the plaintiff's exceptions, for the reason that her claim had been erroneously reduced by the rulings of the justice who presided at the first trial. Upon the second trial the plaintiff again recovered, but the judgment rendered upon the verdict was set aside, and a new trial ordered, (12 N. Y. Supp. 343,) for the reason that the general term found it impossible to reconcile the verdict with any theory which had any support in the evidence. Upon the third trial, now before us for review, the jury were more careful with their figures, and we find no difficulty in reconciling their verdict with the facts as they appear in the record. The real question was, what deduction should be made from the price stipulated in the contract by reason of the saving to the plaintiff which resulted from Miss Gross' death? The appellant attacks the plaintiff's testimony, and insists that the jury cut down arbitrarily the amount for which the defendant was entitled to credit. We have examined the testimony, and see no substantial justification for this contention. The jury accepted the

plaintiff's testimony, as they had a right to do, and we cannot follow the appellant in his strained criticism upon that lady's position. We think this controversy has gone quite far enough, and that the contest upon the defendant's part has now degenerated into a petty speculation as to the cost of the food which a sick woman might have consumed daily. The reduction allowed by the jury was fair and reasonable, and it was fully supported by the testimony. We have, in fact, no doubt that such reduction equalled any actual saving to the plaintiff caused by Miss Gross' death. The judgment and order appealed from should therefore be affirmed, with costs. All concur.