(12 Misc. Rep. 47.)

SHERIDAN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. NEW TRIAL—EXCEPTIONS HEARD AT GENERAL TERM.
   A motion for a new trial on exceptions ordered to be heard at general term in the first instance does not raise the question whether the verdict was in accord with the preponderance of evidence, or whether the damages awarded were excessive.

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—QUESTION FOR JURY.
   While plaintiff was walking at night on a sidewalk adjoining a park, he stumbled against an obstruction, and pitched forward, and fell into the park, which was about 5 feet below the grade of the sidewalk, there being no barrier to prevent persons from falling off the sidewalk. The sidewalk at the place of the accident was 32 feet wide, and the nearest light an ordinary street lamp, about 50 feet distant. This condition had existed long enough to charge the city with notice. *Held,* that the question of the city's negligence was properly submitted to the jury, though it was not chargeable with negligence as to the obstruction against which plaintiff stumbled.

Action by Bernard Sheridan against the mayor, etc., of city of New York for personal injuries. There was a verdict in favor of plaintiff, and defendant moves for a new trial on exceptions ordered to be heard at general term in the first instance. Denied.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

James P. Niemann, for plaintiff.
Theodore Connoly and Terence Farley, for defendant.

BISCHOFF, J. Whether the verdict for the plaintiff was in accord with the preponderance of the evidence, or the damages awarded were excessive or not, are questions which do not arise upon this motion, our authority being here restricted to the review of exceptions taken upon and not after the trial. Code Civ. Proc. §§ 992, 1000; Baylies, New Trials, pp. 317, 318, and cases there collated; Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. Supp. 715; Gundlin v. Packet Co., 8 Misc. Rep. 291, 28 N. Y. Supp. 572. We omit special notice of the exception taken to the denial of the defendant's motion for dismissal of the complaint, made when

the plaintiff rested, since any defect in the proof, then extant, was curable by evidence thereafter adduced by either party (Van Houten v. Fleischman, 1 Misc. Rep. 130, 20 N. Y. Supp. 643, and cases there collated); and so proceed, at once, to consider the exception taken to a like motion made when the cause was ready for submission to the jury. At the time of the last-mentioned motion it appeared in evidence that the plaintiff sustained the injury complained of from a fall in the vicinity of the Central Park, Fifth avenue, and 110th street, in the city of New York; that the surface of the park, where it is immediately adjacent to the westerly sidewalk of Fifth avenue, between 109th street and 110th street, was from 4 to 5 feet below the grade of the avenue; that the sidewalk at this point was supported by a retaining wall, which extended in height to the level of the former, between which and the park there was no railing, guard, or other obstruction; that the sidewalk was 32 feet wide, and that extending along the center thereof there was a bluestone path 4 feet in width; that near its curb the sidewalk was provided with ornamental shade trees, and that also near the curb, and about 50 feet from the place where the plaintiff fell, there was an ordinary street lamp. It also appeared, and remained unchallenged, that the condition of the locality mentioned had been as above described for a long time. In fact, it was conceded that its condition was never otherwise since the adoption of the locality for park and street uses, and that this condition was known to the plaintiff at the time of the accident was apparent from the fact that he had traveled over this part of the city repeatedly before. It furthermore appeared in evidence that on April 2, 1892, between 7 and 8 o'clock in the evening, the plaintiff, a journeyman plumber, was proceeding homeward from his work, on and along the westerly sidewalk of Fifth avenue, towards 109th street; that the light from the street lamp was obstructed by the trees near by, in consequence of which the immediate place of the accident was left in comparative darkness, and the plaintiff's vision was obstructed; that, approaching the scene of his mishap off the bluestone path to the park side, the plaintiff stumbled against some obstruction which projected from the earth, was pitched forward towards the park the distance of several steps in his efforts to save himself from a fall, and was precipitated headlong over the retaining wall into the park, thus sustaining the severe injury of which he complained. Upon this state of the facts we are of the opinion that the question of the defendant's negligence was properly submitted to the jury. It was the defendant's duty to keep its streets and avenues in a condition which rendered them reasonably safe for the use of travelers thereon, and from the performance of that duty the defendant was not relieved because others, specially charged with the construction of the park, had left the adjacent streets and avenues in a condition which was menacing to the life and limb of travelers. Actual notice to the defendant of the condition of the locality was not required to be shown. The condition had, concededly, existed for a long time,

and arose from the original construction of the park and avenue in the locality.   Knowledge on the part of the defendant of the condition was therefore fairly inferable from the facts.   The plaintiff's injury was a direct and probable result of the defendant's negligence.   True, "that which never happened before, and which in its character is such as not to naturally occur to prudent men, to guard against its happening at all, cannot, when in the course of years it does happen, furnish good ground for a charge of negligence in not foreseeing its possible happening, and guarding against that remote contingency."   Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858.   See, also, Glasier v. Town of Hebron, 131 N. Y. 447, 30 N. E. 239.   But, surely, the risk of injury to a traveler, at nighttime, from a fall into an unguarded pit or excavation, or down an unguarded declivity, adjacent to an ill-lighted and much-frequented street of a populous city, is patent to every one; and where, therefore, the risk of injury to others, from the omission of ordinary precaution, is apparent, the fact that the precise manner in which an injury results was not within the bounds of reasonable apprehension does not operate to relieve the person omitting the precaution from the imputation of negligence.   The law, as we understand it to be, is that if, in view of all the circumstances, the act complained of was such that "it might not improbably cause damage of some kind, the doer of the act cannot shelter himself under the defense that the actual consequence was one which rarely follows from that particular act."   See note, p. 810, to Gilson v. Canal Co., 36 Am. St. Rep. 802, 26 Atl. 70, and cases there collated. Indeed, in very few cases, if ever, would responsibility for the omission of ordinary precaution against the risk of injury to others attach, if such responsibility were to depend, in each instance of resulting injury, upon the presence of the reasonable ability of the person guilty of the omission to apprehend the particular occurrence which led to the injury from a menacing danger.   "Where there is danger, peril, risk of a particular injury, which actually occurs, we must surely say that it is the usual, ordinary, natural, and probable result of the act exposing the person or thing injured to the danger and peril."   West v. Ward (Iowa) 42 N. W. 309.

Conceding the obstruction in the sidewalk against which the plaintiff stumbled to have been a cause which led to his injury, and for the presence of which the defendant should not be held to answer, it remains that the defendant's neglect to provide a means of avoiding injury to travelers from a fall down the declivity adjacent to the sidewalk was efficient in producing the result of his fall to the plaintiff; and "when two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate,—the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible,—the municipality is liable, provided the injury would not have been sustained but for such defect."   Ring v. City of Cohoes, 77 N. Y. 83, 88.   The plaintiff's injury was directly sustained from his fall into the park.   It cannot be said, as a matter of law, that he would have sustained any injury whatever from his

collision with the obstruction in the sidewalk alone. The question, therefore, which of the two causes present was proximate and efficient cause of the injury sustained, was, under the circumstances, one of fact, the solution of which was for the jury. Van Houten v. Fleischman, 1 Misc. Rep. 130, 135, 20 N. Y. Supp. 643, and cases there collated; affirmed 142 N. Y. 624, 37 N. E. 565.

An exception was taken to the refusal of the court to charge the jury, as requested by the defendant's counsel, that, in deviating from the bluestone path, the plaintiff was guilty of contributory negligence, which precluded his recovery in this action. The request was obviously objectionable, in that it sought to eliminate from the jury's consideration that the plaintiff may not have knowingly or voluntarily deviated from the path. It is to be borne in mind that the evidence showed the locality to have been obscured by nightfall at the time. The exceptions present no error, for the reasons stated. They are therefore severally overruled, and the defendant's motion for a new trial is denied, with costs. The plaintiff has leave to enter judgment upon the verdict. All concur.