Emmanuel Lyons, as Administrator, etc., of Sarah Lyons, Deceased, Respondent, *v.* Second Avenue Railroad Company, Appellant.

*Negligence — cause of death, when a question for the jury — damages, when not excessive.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, caused by the defendant's alleged negligence, it appeared that the plaintiff's intestate was injured, by a team which escaped from the defendant's driver, to such an extent that she never fully recovered from its effect. The immediate cause of her death was Bright's disease, but the physician who attended her during her last illness, and who had been her family physician for a year or more preceding the accident, testified that the disease of which she died was traceable to and was caused by the injury.

Each side swore the same number of medical witnesses, but those who were sworn in behalf of the plaintiff had the best means of knowing the facts and forming their opinions, which were supported by the evidence of the plaintiff, who was the husband of the deceased, in respect to her previous health.

*Held*, that, under the evidence, the question whether the injury was the cause of the death was a question for the jury.

It appeared further that the decedent was sixty-three years of age at the time of the accident, in good health, and performed all the labors in plaintiff's house-

hold; that she left her surviving a husband and one unmarried daughter of full age, her only next of kin, the three, before her death, living together as one family. The daughter, before her mother's illness, had employment elsewhere. *Held*, that the estimate of damages sustained in such cases is necessarily based upon probabilities, and can never be ascertained with accuracy or to the satisfaction of both parties, and that a judgment in favor of the plaintiff for $5,000 should not be set aside upon the ground that the damages awarded were excessive.

Appeal by the defendant, the Second Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of January, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 7th day of February, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Payson Merrill* and *George C. Holt*, for the appellant.

*Sumner B. Stiles* and *Francis L. Wellman*, for the respondent.

Follett, J. :

This action was begun July 28, 1894, to recover damages resulting from the decedent's death, caused, it is alleged, by the negligence of the defendant and of its employee. The defendant on this appeal does not challenge the finding of the jury that the decedent was injured September 8, 1892, by the negligence of the defendant and of its servant, and that she did not by any act or omission contribute to the accident. There was no conflict in the evidence in respect to the accident, its cause or the decedent's conduct on the occasion. None of the exceptions taken to the charge or to the rulings upon the admission or exclusion of evidence are questioned, and we are asked to reverse the judgment solely on the grounds: (1) That the accident was not the cause of death; (2) that the damages awarded, $5,000, were excessive.

September 8, 1892, the decedent, while walking on the sidewalk of East Twenty-eighth street, was knocked down and injured by a team which escaped from the defendant's driver. Her right leg was considerably injured — to such an extent that she never fully recovered from its effects — and she sustained so severe a shock that she remained in a semi-unconscious condition for two or three

days. At this time the decedent was sixty-three years of age, and had, before the accident, been possessed of good health, but from the time of the accident to May 2, 1893, when she died, she was in feeble health. The immediate cause of her death was Bright's disease, induced, it is asserted, by the shock. The physician who attended the decedent during her last illness, and had been the family physician for a year or more preceding the accident, testified that the disease of which she died was traceable to and caused by the injury. Another physician, an instructor for seven years at the College of Physicians and Surgeons at Columbia College, testified that in his opinion the accident caused the disease of which she died. A physician, who had been employed by the defendant in its accident cases for two years, testified that he saw the decedent four days after her injury; that he found three contused and lacerated wounds on her right leg below the knee. He testified that he saw no evidence that the patient was suffering from shock, but noticed that her legs were swollen, but that the swelling could not, in his opinion, have been produced by the injury. He said that, in his opinion, the decedent then had chronic Bright's disease and died from its effects, and that the disease was not caused by the injury. A physician, who has been a professor of clinical medicine and therapeutics for several years, was called by the defendant and testified, as an expert, that in his opinion, founded upon the evidence, the injury was not the cause of the disease of which the woman died. This witness had never seen the patient. Each side swore the same number of medical witnesses, but those sworn in behalf of the plaintiff had the best means of knowing the facts and forming an opinion, and their opinions were supported by the evidence of the plaintiff in respect to the previous good health of his wife. We think, under the evidence, that the question whether the injury was the cause of death was a fair question for the jury, and that its verdict cannot be disturbed. Nor do we think the verdict should be set aside because the damages were excessive. The decedent was sixty-three years of age, in good health, and performed all of the labors in plaintiff's household. She left her husband and one unmarried daughter, of full age, her only next of kin, the three before her death living together as one family. The daughter, before her mother's illness, had employment elsewhere. The estimate of

the damages sustained in such cases is necessarily based upon probabilities, and can never be ascertained with accuracy or to the satisfaction of both parties. Under the decisions of this court we cannot reverse the judgment and set aside the verdict upon the ground that the damages awarded were excessive.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.