with the terms of the lease, whether overdue or to become due in the future. A covenant that the rent is paid is usually inserted in an assignment of a lease, and, in the absence of a covenant, none can be implied, particularly when the assignment, on its face, only transfers the right, title, and interest of the party in the lease. The case of Alford v. Cobb, 35 Hun, 651, is almost directly in point on the question involved in this appeal, and we follow that case in our conclusion.

Judgment affirmed, with costs.

---

(14 Misc. Rep. 390.)

## TAFT v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. November 25, 1895.)

1. CARRIERS—NEGLIGENCE—EVIDENCE.
    Where defendant's car, while moving rapidly, entered an open switch, left the track, and threw plaintiff's intestate from the front platform, on which he was riding, and thereby caused his death, the question of intestate's negligence is for the jury.
2. DEATH BY WRONGFUL ACT—CAUSE OF DEATH—EVIDENCE.
    Where three physicians testify that intestate died from peritonitis resulting from the injuries alleged to have been caused by defendant's negligence, while three others testify that the peritonitis resulted from natural causes, the cause of the peritonitis is for the jury.
3. OPINION EVIDENCE—WEIGHT FOR THE JURY.
    Where a physician testifies that in his opinion peritonitis resulted from injuries received 15 days before its development, and on cross-examination admits that he had never attended or read of another case where peritonitis developed so lately, but states that he has read of one where it developed 9 or 10 or 12 days after the injury, and that his opinion is based in part on that case, the weight of his testimony is for the jury.
4. SAME—EXPERT WITNESS.
    A physician called as an expert to answer a hypothetical question involving matters in evidence may, in answering it, introduce incidents from his own knowledge and experience.

Appeal from trial term.

Action by Mary E. Taft, as administratrix, etc., of William E. Taft, deceased, against the Brooklyn Heights Railroad Company to recover damages for injuries causing the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before OSBORNE and CLEMENT, JJ.

Moore & Wallace, for appellant.

Ayres & Walker and Almet F. Jenks, for respondent.

OSBORNE, J. Action to recover damages for injuries to plaintiff's intestate, which it is claimed resulted in his death. From the evidence it appeared that deceased was, on the 10th day of May, 1893, a passenger riding on the front platform of one of defendant's cars going along Throop avenue; that, when the car came to Gwinnett street, it was moving very rapidly, and there took an open switch, which caused it to turn into Gwinnett street, and to jump

the track, and travel some distance over the stones, the effect of which was to throw deceased violently to the ground.   He was cut and bruised about the head, and complained of a pain in the lower part of the abdomen, and a mark of a bruise was subsequently discovered there.   Fifteen days after the accident, peritonitis developed, and caused his death, and it is claimed on behalf of the plaintiff that this peritonitis was the result of, and due to, the injuries deceased received when thrown from the car.   Plaintiff had a verdict, and this appeal is taken from the judgment entered thereon, and the order denying a motion for a new trial.

The learned counsel for the appellant contends that the motion to dismiss the complaint, made at the close of plaintiff's case, and renewed at the close of the testimony, should have been granted, and that it was error to deny the same.   This motion was based mainly on the ground that there was no proof of the absence of contributory negligence on the part of deceased, and also that there was no proof that the death of plaintiff's intestate was due to the injuries received, but that, on the contrary, the evidence showed that such death was due to an independent cause, for which defendant was not liable.

We think that the circumstances disclosed by the evidence were of such a character that it might be fairly and reasonably inferred that deceased was free from contributory negligence at the time he was thrown from defendant's car.   The jumping of the switch by the car while going at a high rate of speed, so that it was dragged some 10 or 15 feet over the stones, and, in part, thrown from the track before it was stopped, was certainly a most unusual incident, and the fact that deceased was thereby thrown from the car to the ground would not seem to be incompatible with the exercise of due care by the deceased.   We think it was a question for the jury to determine, and the learned trial judge in his charge to the jury fairly laid down the law on that question, as well as the risks and dangers that deceased assumed in riding on the front platform of the car.

As to the question whether the death of plaintiff's intestate was due to, and the result of, the injuries he received when thrown from the car, that also became, on all the evidence, a question for the jury, and it was left for them to determine.   The attending physician, a physician called in consultation, and an expert physician were called on behalf of the plaintiff, and they all testified that death resulted from peritonitis, which was the result of the injuries.   The physician who made the post mortem examination, and two other physicians, as experts, were called on behalf of defendant, and they all testified that the peritonitis was not due to, or the result of, the injuries, but was attributable to natural causes.   Amid such a conflict of testimony, there was no other course left for the learned trial judge but to submit this question to the jury.   Lyons v. Railroad Co. (Sup.) 35 N. Y. Supp. 372.

Our attention is called to two exceptions in the case.   The attending physician had testified that, in his opinion, the death of plaintiff's intestate was due to peritonitis resulting from the injuries received, and he gave the reasons which induced him to adopt that opinion. On cross-examination the witness admitted that he had never had or

read of a case where traumatic peritonitis developed 15 days after the injury, as the result thereof; that he had read of one case where peritonitis developed 9 or 10 or 12 days after the accident, and that his opinion in the present case was based, in part, on reading of the case above mentioned, and also on the conditions surrounding the case of the deceased. Thereupon, the learned counsel for the appellant moved to strike out all the testimony of the witness in regard to his opinion that this peritonitis came from the injury, on the ground that it had no basis, either by the actual experience of the witness, or by any reading; and to the denial of the motion counsel excepted.

We are of the opinion that this exception was not well taken. The witness on his direct examination had testified what, to a reasonable certainty, caused the death of plaintiff's intestate, and given his reasons therefor. The office of cross-examination was to dissect the reasons for that opinion, and to show, if possible, that those reasons were insufficient, or had no reliable foundation, and therefore that the witness' testimony should not weigh with the jury. Both the direct and cross examination were before the jury, and constituted a legitimate subject of discussion in the summing up of counsel, and it was for the jury to weigh it, and to determine what, if any, reliance should be placed upon it. We think it would be a usurpation of the powers of the jury for the trial judge to determine whether a witness had or had not maintained his ground on the cross-examination, and, if the trial judge concluded that he had not, to strike out that witness' testimony.

At folios 190 and 192 of the case the learned counsel for the appellant excepted to the refusal of the court to strike out all testimony of the expert physician then under examination in regard to adhesions, and also in regard to an abscess, on the ground that there was no testimony in the case as to adhesions or an abscess. These exceptions are not well founded. The witness had already testified that in all cases of peritonitis adhesions were formed. A hypothetical question, involving matters in evidence, was put to the witness, and he was asked to tell, if he could, the cause of gas being found in the right thigh of the patient during the last days of his life, and of the perforation of the intestine at the seat of the vermiform appendix. In answering these questions the expert proceeded to account for the presence of gas in the right thigh of the patient, and also for the perforation of the intestine, and in so doing he had, of course, to draw upon his own knowledge and experience. He laid it down as a general proposition that adhesions are always present in peritonitis, and that such adhesions had, in this case, caused an abscess, which, on breaking, produced the perforation of the intestine, and allowed the gas to escape into the thigh. We fail to see anything improper in the answer of the witness that should require it to be stricken out. He had never seen the patient, but a given state of facts was propounded, and the witness was asked, if he could, to account for certain results. This he proceeded to do, according to his professional knowledge and experience. If the answer introduced elements or incidents not previously in evidence,

that constituted no objection to the answer.    To ask a witness, as an expert, to account, if he could, for certain results, and then to confine him in his answer to those matters only which were already in evidence, would, it seems to us, present a barrier to a truthful answer to the question.

For the reasons above stated, we think the judgment and order denying motion for a new trial should be affirmed, with costs.