(14 Misc. Rep. 497.)

## LAWLOR v. FRENCH.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. VICIOUS ANIMALS—LIABILITY FOR INJURIES INFLICTED BY.
   In an action for injury by a vicious animal, the keeper of the animal is the responsible party.

2. SAME—KEEPER—MANAGER OF CORPORATION.
   When such animal is used in the business of a corporation, the president and manager, who controls and conducts the business, and may hire or discharge the animal, is the keeper, and is responsible for any injury it may do.

3. SAME—NOTICE OF CHARACTER.
   To fix liability for keeping a vicious animal, actual notice of its mischievous propensity is not necessary, but it suffices if, in the exercise of due care, the keeper would have known of the propensity.

4. EVIDENCE—WEIGHT OF EXPERT TESTIMONY.
   The court is not bound to charge the uncontroverted opinion of an expert as an absolute and imperative fact in the case, but it is for the jury to find the fact on the evidence.

5. EXCEPTIONS HEARD AT GENERAL TERM—WEIGHT OF EVIDENCE.
   It seems that upon exceptions ordered to be heard at general term, with no motion for a new trial at circuit or special term, the court may not consider whether the verdict is without evidence, or against the weight of evidence.

(Syllabus by the Court.)

Action by Kate Lawlor, as administratrix, against Thomas Henry French, to recover damages for the wrongful death of plaintiff's intestate. There was a verdict in favor of plaintiff, and defendant moves for a new trial on exceptions ordered to be heard at general term in the first instance. Denied.

In the exhibition of the "Prodigal Daughter" play, a number of horses took part. From one of them, plaintiff's intestate received a kick, which it is alleged, killed him. The play was produced by the American Theatre Company, a corporation, but defendant was its president and manager; as such, supervised the production of the play, and, particularly, had power to employ and order off any horse. The intestate, an employé of the company, was hurt by the horse while both were in the discharge of their duties. The horse was of vicious habit; but while, of the habit, defendant had no actual notice, it had been repeatedly exhibited in the theater, and was known to several persons, one at least in the employ of the company, and subject to the control of defendant. Defendant was "about there most every night."

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

T. Darrington Semple, for plaintiff.

Parsons, Shepard & Ogden, for defendant.

PRYOR, J. In an action for damages from the death of plaintiff's intestate by the kick of a horse, the defendant contends that the evidence was insufficient to authorize the inference either that the kick was the cause of the death, or that the horse was vicious, or, if vicious, that the defendant was aware of the fact, or that the defendant was responsible for the act of the horse, or that the, injury was not the effect of the intestate's contributory negligence. But by what authority may we pass upon these questions? As appellant states in his points, the motion is for a new trial upon exceptions ordered to be heard in the first instance at general term. The issues were submitted to the jury, and no motion for a new trial has been made either at circuit or special term. Such being the record, we have no jurisdiction to determine whether the verdict was without evidence, or against the weight of evidence. Price v. Keyes, 1 Hun, 177, 182 (reversed on another point, 62 N. Y. 378); Hotchkins v. Hodge, 38 Barb. 117, 121; Martin v. Platt (Sup.) 4 N. Y. Supp. 359, 361; Emmons v. Wheeler, 3 Hun, 545. Assuming that the exception to the denial of the motion to dismiss the complaint, or direct for the defendant, presents the point that a verdict without evidence is legal error, we cannot conclude that upon either issue the finding of the jury is destitute of proof adequate to its support.

1. That the intestate died of the kick is an inference in which the jury were justified by plaintiff's proof. The testimony of the expert directly to the fact, and of other witnesses to intestate's condition before and after the hurt, was a sufficient basis for the verdict. That the kick was the cause of the death is concluded by the verdict. Lyons v. Railroad Co., 89 Hun, 374, 35 N. Y. Supp. 372.

2. That the horse was of a mischievous propensity appears by the preponderance of evidence.

3. That the defendant knew, or, in the exercise of due care, would have known, of the vicious habit, is also a legitimate inference from the circumstances in evidence. Turner v. Craighead (Sup.) 31 N. Y. Supp. 369.

4. It is an immaterial fact that the defendant was not owner of the theater or the business in the transaction of which the injury was sustained. He was president and manager of the company, and so in control of its business that he had power to hire and discharge the horse. In the legal sense, he kept or harbored the animal, and is responsible for its act. Bundschuh v. Mayer, 30 N. Y. Supp. 622; Greenberg v. Lumber Co. (Wis.) 63 N. W. 93; Bridge Co. v. Paige, 83 N. Y. 178, 190; Bates v. Van Pelt, 1 Tex. Civ. App. 185, 20 S. W. 949; Cahoone-Barnet Manuf'g Co. v. Rubber & Celluloid Harness Co., 45 Fed. 582.

5. Upon the circumstances of the injury, the intestate's freedom from contributory negligence was a valid conclusion. But it is

urged that he hazarded the risk of injury by the horse, which is true enough of an injury from the use of a horse with a normal nature and disposition; but surely danger from a horse of an abnormal, evil propensity is not a peril incident to the business. A servant takes the risk of injury from the use of his master's machinery, if it be in a safe condition, but not if, by the master's fault, it be in an unsafe condition,—unless, indeed, the servant know of such condition. Here is no evidence that the intestate was apprised of the mischievous propensity of the horse. It is the duty of the master, not of the servant, to be cognizant of the condition of appliances. The analogy between the cases is perfect; and, as a servant may work with an implement on the presumption that the master has performed his duty in regard to its security, so the intestate was not chargeable with notice of the horse's vicious habit.

The defendant challenges the refusals to charge, but, upon a critical examination, we find them correct in every instance. The supposed error especially relied on is the refusal of the court to charge as an absolute and imperative fact what rested only on the opinion of an expert. The opinion of an expert is not conclusive with the jury, and the court was right in submitting the testimony to their judgment. "The judgment of a witness is not, as matter of law, to be accepted by the jury in place of their own." Head v. Hargrave, 105 U. S. 45. If the charge of the very careful and experienced judge who presided at the trial be open to any criticism, it is of excessive indulgence to the defendant.

Exceptions overruled, and judgment on verdict.

BOOKSTAVER, J., concurs.

BISCHOFF, J.   I concur.   That we cannot inquire into the weight of the evidence upon this motion, see Sheridan v. Mayor, etc. (Com. Pl.) 33 N. Y. Supp. 71; and that for the negligence of a servant, resulting in injury to another, both master and servant may be held answerable, see Mayer v. Building Co. (Ala.) 16 South. 620; Peck v. Cooper, 54 Am. Rep. 231; Wright v. Wilcox, 19 Wend. 343; Montfort v. Hughes, 3 E. D. Smith, 591; Phelps v. Wait, 30 N. Y. 78; Suydam v. Moore, 8 Barb. 358.