what he did testify to. The transcript of the stenographer's minutes, unverified by him, are no evidence at all. The party against whom it is desired to use such evidence is entitled to insist that the correctness of the minutes be properly proven, and this involves the right to cross-examine whoever is produced to verify them.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

### GUYON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

1. TRIAL—QUESTION FOR JURY.

Where, in an action for injuries through negligence, defendant called no witnesses to contradict plaintiff's testimony as to the amount he was earning at the time of the accident, but plaintiff's testimony on cross-examination tended to show that he was not earning as much as he stated, the question as to the amount of such earnings was for the jury.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 334–336.]

2. EVIDENCE—EXPERT TESTIMONY—WEIGHT OF EVIDENCE.

Where, in an action for injuries through negligence, the testimony of plaintiff's physician as to the value of medical services rendered plaintiff was uncontradicted, it was error to instruct that such testimony governed the amount of plaintiff's recovery for such services, as the opinion of an expert as to the value of services is not conclusive, but is merely advisory; the weight thereof being for the determination of the jury.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2395–2397.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Oscar G. Guyon against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

George D. Yeomans (H. F. Ives, of counsel), for appellant.

House, Grossman & Vorhaus (James F. O'Neill, of counsel), for respondent.

GIEGERICH, J. This action was brought to recover damages for personal injuries claimed to have been received by the plaintiff at the corner of Patchen avenue and Halsey street, borough of Brooklyn, on the 3d day of June, 1905, while in the act of boarding one of defendant's cars after it had stopped. A verdict in favor of the plaintiff for $500 was rendered by the jury, and the defendant, in bringing on this appeal, states in the brief that the only questions raised are those presented by the exceptions taken to the justice's charge.

Among the exceptions so noted is one to an instruction substantially to the effect that, if the jury found that the accident happened, they must, at all events, bring in a verdict for the plaintiff for $360 for loss of earnings, and $50 for his physician's services. The plaintiff's counsel

seeks to uphold such an instruction, on the ground that there is no contradiction of the plaintiff's testimony, and that for a number of weeks just previous to the accident his earnings as a tinsmith had averaged $18 per week, and that he had been disabled from work for a period of 20 weeks, and that there is no contradiction of the physician's testimony that his services were reasonably worth $50. While it is true that the defendant did not call any witness to contradict the testimony of the plaintiff upon the point referred to, the record, nevertheless, discloses that the testimony of the plaintiff upon cross-examination tended to show that he was not earning so great a sum as the one testified to by him on his direct examination, and which was relied upon by the justice in giving the instruction complained of.

The rule applicable to the credibility of a witness who is a party to the action was clearly laid down in the recent case of Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102, where the court, at page 572 of 162 N. Y., page 102 of 57 N. E., said:

"Generally, the credibility of a witness who is a party to the action, and therefore interested in its result, is for the jury; but this rule, being founded in reason, is not an absolute and inflexible one. If the evidence is possible of contradiction in the circumstances, if its truthfulness or accuracy is open to a reasonable doubt upon the facts of the case, and the interest of the witness furnishes a proper ground for hesitating to accept his statements, it is a necessary and just rule that the jury should pass upon it. Where, however, the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities, nor in its nature surprising or suspicious, there is no reason for denying its conclusiveness."

Applying the foregoing rule to the testimony of the plaintiff, it is very evident that the justice erred in the above instructions to the jury, that if they found for the plaintiff they must award him the sum above mentioned for "loss of time." Instead of leaving the credibility of the plaintiff to be determined by the jury, the justice, by so charging the jury, virtually instructed them as to the force and effect of the plaintiff's testimony, which he had no right to do.

The charge of the justice relative to the value of physician's services was, in effect, an instruction to the jury that they must be governed by his opinion as to the value of such services. This was clearly erroneous, as the opinion of an expert as to the value of services is not conclusive, such testimony being merely advisory, and the weight of it is for the determination of the jury. Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028; Lawlor v. French, 14 Misc. Rep. 497, 35 N. Y. Supp. 1077; Hull v. St. Louis, 138 Mo. 618, 40 S. W. 89, 42 L. R. A. 753.

Since a new trial should be granted for the errors above mentioned, it will not be necessary to pass upon the motion made by the defendant for a new trial on the ground of fraud and newly discovered evidence.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.