LAWSON v. WELLS FARGO & CO.

(Supreme Court, Appellate Term. December 16, 1908.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—NEGLIGENCE—COLLISION WITH AUTOMOBILE—ACTIONS—EVIDENCE.

Evidence *held* to support a finding that an injury to plaintiff's automobile was caused by the negligence of defendant's servant in charge of its wagon, and that plaintiff did not contribute thereto by any negligence of his servant, the chauffeur.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

In an action for injuries to an automobile from a collision with defendant's wagon, which was proceeding on the wrong side of the street, though some parts of the charge relating to the rule of the road when taken by themselves and read literally may not have been correct, the charge was sufficient where the jury could not fail to understand from the whole charge that they were to determine the necessity for the

wagon's being on the wrong side of the street, and whether the driver used reasonable care to avoid the collision.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

3. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—COLLISION WITH AUTOMOBILE—ACTIONS—EVIDENCE.

In an action for injuries to an automobile from a collision with a wagon, where it appeared that defendant's name was on the wagon, and that one of its occupants was in defendant's employ, defendant was prima facie sufficiently connected with the accident.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

4. TRIAL (§ 133*)—CONDUCT OF COUNSEL—IMPROPER QUESTIONS TO WITNESS—ACTION OF COURT.

Where plaintiff sought to introduce in evidence a conversation held immediately after a collision between plaintiff's automobile and defendant's wagon, between defendant's driver and an occupant of the automobile, and the question asked the witness was excluded on defendant's objection, and upon another attempt being made to introduce it, the court stated that any more suggestions or innuendoes of that character would cause a mistrial, and that he had already excluded the evidence, and the matter was not again touched on during the trial, the putting of the questions was not prejudicial to defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

5. TRIAL (§ 315*)—VERDICT—COMPROMISE VERDICT.

Where damages are liquidated, and plaintiff contends that he was to receive a specified sum under a contract, and defendant contends that a smaller sum was to be paid, or it appears that plaintiff is entitled to nothing, and a verdict is rendered for plaintiff for a sum not claimed by either party to be the stipulated sum, if any, it will be set aside as a compromise verdict; but where damages claimed are unliquidated, and the testimony as to their extent is based upon expert opinions which are merely advisory, a verdict for plaintiff for a sum less than that to which they testified is not improper

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 315.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Cassius M. Lawson against Wells Fargo & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Alexander & Green (William C. Prime and Ernest C. Morse, of counsel), for appellant.

Herrick C. Allen (Frank X. Sullivan, of counsel), for respondent.

GIEGERICH, J. The action is to recover damages for an injury to the plaintiff's automobile resulting from a collision with one of the defendant's express wagons, and claimed to have been caused by the negligence of the defendant's driver. The pleadings were oral and the answer was a general denial.

The automobile, after coming east through Waverly Place, in the borough of Manhattan, at the speed of four to five miles an hour, turned south on Washington Square East, and continued on the right-hand or westerly side of that street for about 40 feet, to the place

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where the collision occurred. The witnesses for the plaintiff testified that the automobile then came to a stop, and was standing still when the accident occured, but this was disputed by the defendant's witness Lawrence, who testified that the collision happened just as the automobile came to a stop. The express wagon was coming north on Washington Square East, and its wheels on the side nearest the automobile were on the easterly rail of the car track which runs on that street. This rail was eight feet and eight inches from the westerly curb. The distance of the west track from the curb on the westerly side of the street was three feet, the width of the track was five feet and eight inches, and the distance from the east side of the track to the curb on the easterly side of the street was about seventeen feet. The testimony for the plaintiff was that the express wagon was traveling with some speed at the time of the collision, one witness testifying that the horses were running, and another that they were "jogging, trotting slowly," and still another that they were going "a little faster than you can walk." In attempting to turn out from the car track and towards the driver's right, one of the wheels of the wagon slid along the rail, and while so sliding the wagon collided with the automobile, breaking the axle of the latter vehicle and also breaking the pole of the wagon. There was testimony that the wagon slid along the car track in the manner described for 15 of 20 feet. The defendant sought to justify the presence of the wagon to the left of the middle of the roadway by evidence tending to show that the presence of another wagon alongside the easterly curb of the street had made it necessary for the express wagon to be where it was. The defendant's counsel contend that the occupants of the automobile saw the wagon 100 feet ahead of them; that, although the wagon was coming directly towards them, the automobile continued in its course without stopping until the accident occurred; and that not the slightest attempt was made by the plaintiff's chauffeur to avoid the danger, but that he assumed that the defendant's team would get out of the way in a reasonable time, and thus ran the risk that it would do so. The plaintiff, on the other hand, insists that his chauffeur, upon seeing the wagon of the defendant approaching, caused the automobile to come to a full stop, but that the defendant's driver nevertheless continued on his course until the collision occurred. When the plaintiff rested, and again upon the close of the entire case, the defendant moved for a dismissal of the complaint on the ground that the plaintiff had failed to prove a cause of action against it, and had also failed to prove his own freedom from contributory negligence, which motions were denied, and in my opinion properly denied. The case was then left to the jury, which found for the plaintiff.

In my judgment there was sufficient evidence to sustain the jury in finding that the injury was caused by the negligence of the defendant's servant, and that the plaintiff did not contribute to the result by any negligence on the part of his servant who was in charge of the automobile. While some parts of the charge relating to the rule of the road, if taken by themselves and read literally, may not be entirely unexceptionable, I am satisfied that the jury could not have failed to

understand from the whole charge that they were to determine what the fact was as to the necessity for the wagon's being to the left of the middle of Washington Square East, and whether while so driving the driver of the wagon used reasonable care to avoid the collision. Newman v. Ernst (Super.) 10 N. Y. Supp. 310; Quinn v. O'Keefe, 9 App. Div. 68, 71, 41 N. Y. Supp. 116; Dickinson v. Platt, 116 App. Div. 651, 657, 101 N. Y. Supp. 956. As the defendant's name appeared upon the wagon and as one of its occupants at the time of the accident was shown to have then been in the defendant's employment, I think the defendant was prima facie sufficiently connected with the accident. Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353; Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. Supp. 1079.

The plaintiff's counsel sought to introduce in evidence a conversation held immediately after the accident between the plaintiff's witness Lawrence, one of the occupants of the automobile, and the driver of the defendant's wagon, which was excluded on the defendant's objection. When another attempt was made to introduce the same evidence, the trial justice said:

"Any more suggestions or innuendoes of that character will cause a mistrial. I will not allow that evidence, and have already excluded it."

Whereupon the plaintiff excepted. No further attempt was thereafter made by the latter's counsel to renew the question, nor was the matter again referred to at any other stage of the case, and, after reading the record, I am convinced that the minds of the jury were not, as claimed by the defendant's counsel, prejudiced against their client by reason of the putting of the questions upon the topic above referred to, and, as already shown, excluded upon their objection.

The defendant contends, furthermore, that the "plaintiff was entitled to a verdict of $233.81, if anything." According to the testimony adduced on behalf of the plaintiff, the reasonable value of the repairs to the automobile was $218.81, and the fair and reasonable price for the hire of other automobiles was $15, making the total amount of the damages claimed by the plaintiff the sum of $233.81. The defendant's counsel argues that such verdict was a compromise, and cannot be justified by any available method of computation. In order to come within the rule condemning verdicts brought about by a compromise, it must appear that no case for a quantum meruit was made out, and there must be an issue as to the specific sum which was to be paid as part of the contract. In other words, where the damages are liquidated and the plaintiff gives testimony to the effect that it was agreed between the parties to the contract under which he seeks recovery that he should receive upon its performance a specified sum, and the defendant, on the other hand, testifies that a smaller sum was to be paid, or where it appears from his evidence that the plaintiff is not entitled to anything, and the jury renders a verdict in favor of the latter in a sum not claimed by either party as being the stipulated price or sum, if any, such verdict is clearly the result of a compromise and will be set aside. Oliver v. Moore, 58 Hun, 609, 12 N. Y. Supp. 343; Bigelow v. Garwitz, 61 Hun, 624, 15 N. Y. Supp. 940; Powers v. Gouraud, 19 Misc. Rep. 268, 44 N. Y. Supp. 249; Myers v. Myers, 86 App.

Div. 73, 83 N. Y. Supp. 236. Such is not the situation in the present case. The damages claimed were unliquidated, and the testimony as to the extent of the same was based upon the opinion of experts, which was merely advisory, and was to be given such weight as the jury might see fit and which was not conclusive. Guyon v. Brooklyn Heights R. R. Co., 49 Misc. Rep. 514, 519, 97 N. Y. Supp. 1038, and citations.

It follows that the judgment should be affirmed, with costs. All concur.