JAMES P. GRANT *vs.* EDWARD P. RICKER.

Androscoggin.    Opinion February 24, 1883.

*R. S., c. 30, § 1.   Dogs, damage by, keeper of.   Practice.*

The fact that others with the defendant, had some part in taking charge of a dog, does not prevent his being the keeper, within the meaning of R. S., c. 30, § 1.

Where a dog is owned by a member of a firm, and is in the keeping of the firm, an action may properly be maintained against the owner, as owner and keeper, under R. S., c. 30, § 1, for damages done by the dog, and it is not necessary to join the other members of the firm.

Whether the jury in a special finding, included in their verdict, took precisely the method the court would have adopted to reach the amount of damage, is not a material inquiry.

ON EXCEPTIONS AND REPORT.

Trespass under R. S., c. 30, § 1, to recover for double damages done by the defendant's dog to the plaintiff's sheep. The writ was dated August 28, 1881; the plea was general issue; and the jury rendered the following verdict:

"The jury find, that the defendant is guilty in manner and form as the plaintiff has declared against him, and assess damages for the plaintiff in the sum of twenty-four dollars and seventy-five cents, being double the value of three (3) sheep at four dollars twelve and one half cents each.".

This verdict the defendant moved to set aside as against law and evidence and the weight of evidence, and also alleged exceptions to the instructions of the presiding justice.

The material facts appear in the opinion.

*F. W. Dana,* for the plaintiff, cited: *Barrett* v. *Malden and Melrose R. Co.* 3 Allen, 101; *Williams* v. *Buker*, 49 Maine, 427; *Googins* v. *Gilmore*, 47 Maine, 9; *Peabody* v. *Hewett*, 52 Maine, 33; *Farnum* v. *Virgin*, 52 Maine, 576; *Darby* v. *Hayford*, 56 Maine, 246; *Endfield* v. *Buswell*, 62 Maine, 128; *Woodis* v. *Jordan*, 62 Maine, 490; *Elliott* v.

*Grant*, 59 Maine, 418; *Staples* v. *Wellington*, 58 Maine, 454.

*W. W. Bolster*, for the defendant.

By R. S., c. 30, § 1, a person injured may bring his action against either the owner or keeper, but if he allege in the writ that the defendant is both owner and keeper he must prove it. *Buddington* v. *Shearer*, 20 Pick. 477; *Smith* v. *Montgomery*, 52 Maine, 178.

The statute being penal must be strictly construed. *Abbott* v. *Wood*, 22 Maine, 541; *Penley* v. *Jewell*, 26 Maine, 101. See also, *Russell* v. *Tomlinson*, 2 Conn. 206.

The counsel further ably argued his motion to set aside the verdict and for new trial.

SYMONDS, J. Under the statute, R. S., c. 30, § 1, double the amount of the damage which a dog has done to person or property may be recovered of his owner or keeper in an action of trespass. The liability is upon either the owner or the keeper. But in the present case the plaintiff having declared against the defendant as owner and keeper, this was regarded as a descriptive averment, and the ruling of the court required the plaintiff to sustain by evidence the full allegation, that the defendant was both owner and keeper, in accordance with the rather strict rule declared in *Buddington* v. *Shearer*, 20 Pick. 477, and cited in *Smith* v. *Montgomery*, 52 Maine, 178.

The damage was done by two dogs. The right of recovery was limited at the trial to the damage done by the one the defendant owned, and the question was whether he was the keeper of that dog.

A man is presumed to be the keeper of his own dog, except in so far as the contrary appears. This dog was kept at the Mansion House, a hotel owned and conducted by a firm, of which the defendant was a member. The non-joinder of the other members of the firm as defendants in the action afforded no ground of defence. The fact that others with the defendant may have had some part in taking charge of his dog, did not prevent his being the keeper within the meaning of the statute. The ruling that "if the dog under these circumstances was kept there

(at the Mansion House,) so that he was in the keeping of the firm, the action may properly be maintained against the defendant, as one of the members of the firm," was correct.

The plea was the general issue.

The amount of the double damages assessed by the jury was twenty-four dollars and seventy-five cents. The times when the dogs attacked the sheep, and the number of sheep killed were in dispute. There was also some evidence of injury to sheep that were not killed. The damages are not so clearly excessive as to compel a new trial. Whether the jury, in the special finding included in their verdict, took precisely the method the court would have adopted to reach the amount of damage, is not a material inquiry.

*Motion and exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.