Board of Commissioners of Washington County v. Menaugh.

Filed October 16, 1895.

No. 1,713.

BOARD OF COMMISSIONERS OF WASHINGTON COUNTY *v.* MENAUGH.

ELECTIONS.—*County Board of Election Commissioners.—Power to Bind County for Tickets, Etc.*—The board of county election commissioners has authority to order tickets, cards of instruction, and sample ballots, and the county is liable for the reasonable value of the work and supplies so performed and furnished.

SAME.—*Board of Election Commissioners.—County Officer.*—The board of election commissioners is not a county officer within the purview of the constitution or of the act of 1875 relating to duties of county commissioners.

From the Washington Circuit Court.

*J. H. Masterson, D. A. Jennings* and *Elliott & Hostetter,* for appellant.

*Mitchell & Mitchell* and *Harvey Morris,* for appellee.

DAVIS, J.—For the general election of 1894, appellee,

at the request of the board of election commissioners of Washington county, furnished and delivered to said board tickets, cards of instruction, and sample ballots, of the value of $94.03. The board of commissioners refused to allow the claim, and on appeal to the circuit court judgment was rendered against appellant for the amount.

Counsel for appellant contend that the board of commissioners alone has the power to contract for such supplies, and that the county is not liable for any supplies furnished on the order of the board of election commissioners. They insist that the act of 1875 (Reg. Sess., page 31, section 1) makes the board of county commissioners the purchasing agent of the county for the purchase of all books, stationery, and all other articles necessary for conducting the business of the county officers, circuit court, and superior courts of the State, and that the board of election commissioners is a county officer.

Section 6214, Vol. 3, R. S. 1894, prescribes that the clerk of the circuit court and two persons of opposite politics, appointed by him, shall constitute the county board of election commissioners. A part of this section reads : "It shall be the duty of such board to prepare and distribute ballots for election officers," etc.

Section 6215, Vol. 3, R. S. 1894, prescribes the duties of such board and reads thus : "The said board of election commissioners shall cause to be printed on the respective ballots the names of the candidates nominated," etc.

Section 6222, Vol. 3, R. S. 1894, reads : "The board of election commissioners shall cause all the names of all candidates of their respective jurisdictions to be printed on one ballot," etc.

Section 6231, Vol. 3, R. S. 1894, sets forth the duty

of the county board of election commissioners as to
printing in large type, on card, for the instruction of
voters.   This section reads : "The county board of elec-
tion commissioners shall cause to be printed in large
type on cards, in English, or such other language as
they may deem necessary, instructions for the guidance
of electors," etc.

Section 6224, Vol. 3, R. S. 1894, prescribes the duty of
the printer, fixes the penalty for violation of the law,
and states for whom the printing is done.   The section
reads : ".If the printer of such ballots, or any person
employed in printing the same, shall give or deliver, or
knowingly permit to be taken, any of said ballots by any
person other than a member of the board of election
commissioners, for which such ballots are being printed,"
etc.

Whether the county officers referred to in the act of
1875 are those mentioned in the constitution, namely,
the clerk of the circuit court, auditor, recorder, treas-
urer, sheriff, coroner, and surveyor, we need not deter-
mine.   Section 152, R. S. 1894.   The county board of
election commissioners is not a county officer within the
purview of the constitution or of the act of 1875.

In any event, the printing, which is the basis of
this claim, was required to be done by the county board
of election commissioners, which, under the statute, had
the authority to order the work. ⁺The work was done
in the interest of the people of the county.

In this case the board of election commissioners acted
within the scope of their authority, and the county is
liable for the reasonable value of the work and supplies
so performed and furnished.

Judgment affirmed.

Filed October 16, 1895.