Morrison & Co. v. Board of Commissioners of Decatur County.

---

MORRISON & CO. v. BOARD OF COMMISSIONERS OF
DECATUR COUNTY.

[No. 1,952. Filed May 26, 1896. Rehearing denied October 21, 1896.]

COUNTY AUDITOR.— *Contract for Election Supplies.— Liability of County.*—A county auditor has no authority to bind the county by an order for poll books, tally sheets, and other election supplies to be furnished eighteen months in the future, and for an election to be held more than eleven months after the expiration of his term of office.

From the Decatur Circuit Court. *Affirmed.*

*S. B. Eward* and *D. A. Myers*, for appellants.

*B. F. Bennett* and *Thomas E. Davidson*, for appellees.

DAVIS, C. J.—At the general election in 1890 John J. Puttmann was elected auditor of Decatur county,

and entered upon the discharge of his duties for a term of four years on the 17th of November, 1891. On the 3d of April, 1891, James Kennedy, then the auditor of said county, wrote appellants in response to a letter from them, requesting them to furnish poll books, tally papers and election blanks for said county for the November election of 1892, which order was then accepted by appellants at the agreed price of $162.47. On September 12, 1891, bids were submitted to the board of commissioners of said county for the furnishing of stationery, books and blanks for said county for a period of three years, and one Caskey was the lowest bidder and a contract was then accordingly duly entered into with him, and said Caskey, under said contract, did furnish all the blanks used for election purposes in said county in November, 1892. On September 12, 1891, when said contract was entered into with Caskey, appellants had not expended any labor or money in making said blanks or any part thereof previously ordered by said Kennedy. In October, 1892, appellants shipped said supplies to appellee, but appellee did not accept or use the same, or any part thereof, but immediately notified appellants of the refusal of appellee to accept the same, and requested appellants for directions as to what disposition to make of said blanks. At the time of making the contract with Caskey in September, 1891, appellee had no knowledge of the order given by said Kennedy to appellants. On the 12th of September, 1891, appellants were present for the purpose of competing with said Caskey and others for the privilege of furnishing said stationery, blanks, and books, but said appellants did not bid, or if they did their bid was withdrawn before the award was made for furnishing the same, and they were not present when the contract was let to said Caskey.

It is conceded that Caskey, under his contract, furnished the supplies for the election in 1892, but one position of appellants appears to be that his contract did not cover the supplies embraced by the order given to them by Kennedy. It is not controverted, however, that Caskey and appellee construed the contract between them as covering such supplies, and that in fact he did furnish the same under his contract. Appellants do not pretend that they were ignorant at any time of the contract entered into between Caskey and appellee, nor of the construction placed thereon by the parties thereto.

The only question presented for our consideration is whether, under the circumstances, the county is liable for the supplies shipped by appellants in October, 1892, for use at the November election of that year, on the order made by the auditor in April, 1891, which supplies were not accepted or used by appellee. The judgment of the trial court was against appellants.

In our opinion no reason has been shown that would justify this court in reversing the judgment.

The order was given by the auditor after his successor had been elected and within a few months of the expiration of his term of office. The supplies in question were not to be used until one year after the expiration of his term of office. No reason has been suggested for giving the order so long in advance of the time when the supplies would be required. Moreover, five months after the order was given and fourteen months before the election, the board of commissioners entered into a contract with another to furnish supplies required in the conduct of public business. At this time appellee had no knowledge of the order given by the auditor to appellants. It is conceded that at this time appellants had done nothing in pursuance of the order, and the circumstances in-

dicate that appellants had good reasons for believing that appellee and the successful bidder construed the contract between them as including the election supplies in question.

Counsel for appellants insist that the appellee is liable, under the provisions of section 6203, Burns' R. S. 1894, and that the act of 1885, relative to the purchase of books, stationery and other articles for the several county officers and for the conduct of public business has no application. 1 R. S. 1876, p. 352.

Without construing these statutes we may assume, for the purpose of this case, "If the work was done in the interest of the people of the county," appellee would be "liable for the reasonable value of the work and supplies so performed and furnished." *Board of Commissioners* v. *Menaugh*, 13 Ind. App. 311.

In this instance the "work and supplies so performed and furnished" did not inure to the benefit of the "people of the county."

If the supplies had been used they would have been "in the interest of the people of the county," and the appellee should have paid at least the reasonable value therefor. If the auditor has power as the county's agent in the discharge of the duties of his office, in any case, to order or purchase a suitable number of blank forms of poll books and also forms of election returns, and also all other proper blanks necessary to be used in an election, the county can only be liable for his contract in relation thereto when such power is exercised by him while acting within the scope of his authority. In our opinion in any view of the case, the auditor was not acting within the scope of his authority in giving such an order for such supplies after his successor had been elected, shortly before the close of his term of office and more than eighteen months before the day of election at which

the blanks were to be used. The county is not liable on the contract of the auditor for the reasonable value of the supplies. We are inclined to the opinion, although this question we do not determine, that the county commissioners of the respective counties in this State are the agents of their counties for the purchase of all books, stationery and all other articles necessary for conducting the business of the county officers, including "a suitable number of blank forms of poll books," etc., to be used in all elections hereafter held in this State.

Judgment affirmed.

### ON PETITION FOR REHEARING.

DAVIS, C. J.—Counsel for appellants insist that in stating the substantial facts out of which this controversy arose, we did not take into consideration the reply. In this position counsel are in error, but we have again carefully examined the answer to which the demurrer was overruled and the reply to which the demurrer was sustained. In the reply it is averred that at the time the order was given to appellants by Kennedy "there was no existing contract or order given by the defendant, nor by any one else acting for the defendant, for the furnishing of books, blanks, etc., as provided in and called for by said order." It is also averred in the reply that the contract with Caskey did not cover the books, blanks, etc., covered by order of said Kennedy, but the fact that Caskey "under said contract did furnish all the blanks used for election purposes in Decatur county, Indiana, for the holding of the general election in said county, held in November, 1892," is not controverted.

The substance of the reply is, "that at the time said order was given, as aforesaid, and at no time since has

there been a valid and binding order or contract for the furnishing of the books, blanks, etc., mentioned in said order for said county," and therefore, notwithstanding the supplies furnished by appellants under Kennedy's order "were not used by the defendant," but were in fact furnished by Caskey under his contract, the county should pay appellants for said "books, blanks, etc.," because it was "a part of the duties of said auditor to make out and furnish to inspectors of elections of the several precincts of said county said blanks," etc.   Whether the contract with Caskey was a valid and binding order for such supplies or not is not material, in view of the fact that it clearly appears from the averments in the answer and reply that Caskey did furnish the same to the county under such contract.   In any event it is clear, under the conceded facts, that Kennedy was not acting within the line of his duty and the scope of his authority when in April, 1891, he ordered blanks for the election in November, 1892.

As stated in original opinion, his successor who was elected in 1890 entered on the discharge of the duties of the office in November, 1891.  Assuming that it was a part of the duties of the auditor to make out and furnish the supplies to the inspectors of the election, Kennedy had no authority to bind the county by an order for such supplies to be furnished more than eighteen months in the future for an election to be held more than eleven months after the expiration of his term of office.   Such an order as that given to appellants by Kennedy under the undisputed facts and circumstances of this case as disclosed by the answer and reply, when considered most favorably in behalf of appellants, is void so far as the county is concerned as against public policy.   Such contracts cannot be upheld or enforced by the courts.

The petition for a rehearing is overruled.