## McGee v. Stockton et al.

[No. 8,878.   Filed June 28, 1916.]

1. APPEAL.—*Review.*—*Assignment of Error.*—*Memorandum of Demurrer.*—No question is presented for review by an assignment of error predicated on the action of the trial court in overruling appellant's demurrers where there is a failure to set forth in the briefs the memoranda filed with the demurrers.   p. 556.

2. MASTER AND SERVANT.—*Independent Contractor.*—*Extent of Control.*—Where one lets a contract to another to do a particular work, without having any control over the work or any authority to prescribe how it shall be done and reserving only the right to require that the completed work shall conform to a certain standard, the person so employed is a contractor and not a servant.   p. 561.

3. MASTER AND SERVANT.—*Independent Contractor.*—*Negligence of Master.*—*Statute.*—Where the plaintiff was employed by the defendant, a manager of a hotel, to test a rope and chain fire escape by sliding down it, as required by §3845 Burns 1914, Acts 1902 p. 305, and in so doing was injured by reason of the breaking of the rope, the defendant, having reserved no authority to prescribe how the work should be done, was not liable, since, under such circumstances, the plaintiff was an independent contractor and not a servant; and §3862d Burns 1914, Acts 1911 p. 509, requiring that materials and appliances used in the operation of buildings be properly safeguarded and tested, would have no application to such case, nor would the fact that the defendant when requested by the plaintiff to ascertain the strength of the appliance, prior to the actual test thereof, failed to do so and assured him that it was amply secure to bear his weight, be material. p. 562.

From Jasper Circuit Court; *Burton B. Berry*, Special Judge.

Action by Landy McGee against Jay W. Stockton and others.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*George A. Williams* and *Philip R. Blue*, for appellant.

*W. H. Parkinson* and *W. W. Lowry*, for appellees.

McNUTT, J.—This was an action by appellant, McGee, against appellees to recover damages for injuries sustained by him while testing a fire

escape installed by appellees in a hotel owned by them in the city of Rensselaer, Indiana. The complaint was in two paragraphs, and appellees demurred separately to each paragraph. The court sustained appellees' demurrers to the first paragraph, to which ruling appellant duly excepted, and overruled their demurrers to the second paragraph, to which ruling appellees excepted. Separate answers were filed by appellees to the second paragraph of complaint, and demurrers thereto were overruled. Appellant refusing to plead further, judgment was rendered for appellees.

Appellant assigns that the court erred: (1) In sustaining appellees' separate demurrers to the first paragraph of complaint; (2) in overruling appellant's demurrers to appellees' answers to the second paragraph of complaint. Appellees separately assign as cross-error the overruling of their demurrers to the second paragraph of complaint.

Appellant has not set out in his brief the memorandum filed with his demurrers to the answers, if any was ever filed with said demurrers. 1. No question is therefore presented by this assignment of error. *Clevenger* v. *Clevenger* (1915), 59 Ind. App. 13, 108 N. E. 868; *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541; and, in view of our conclusion that the court did not err in sustaining the demurrers to the first paragraph of complaint, it will serve no purpose to pass upon appellees' assignment of cross-error. *Baldwin* v. *Moroney* (1909), 173 Ind. 574, 91 N. E. 3, 30 L. R. A. (N. S.) 761.

It is contended by appellant that his first paragraph of complaint is founded upon the theory of a violation of §4 of the act of 1911 (Acts 1911 p. 597, §3862d Burns 1914), known as the "Dangerous Occupations Act." The material allegations

of this paragraph are, in substance, that in November 1912, appellees Almira M. Stockton and Williams were the owners of a three-story brick building in the city of Rensselaer, known as the Makeever Hotel, which for some time had been used as a public hotel, the landlord being one Fate, who occupied it under a lease from said owners; that appellee Jay W. Stockton was, and for some time had been, their agent and representative in the management, operation and control of the hotel building; that appellees had caused said building to be equipped with fire escapes, consisting of a chain and knotted rope in each room above the ground floor used as a lodging room, the chain being about seven feet long, and one end thereof fastened to the wall of the room at the side of the window in the room, in an effort to comply with the statute providing for fire escapes in hotels and lodging houses; that on the —— day of November, 1912, Jay W. Stockton, acting as such agent and representative of the owners, came to appellant, and informed him that the state authorities required that the owners of the hotel in question have some one slide or come down the fire escapes in said building, and a report thereof be made in writing to said state authorities, and that he desired to employ appellant to slide or come down said fire escapes and to sign and make such report; that appellant accepted the employment and accompanied Stockton to the building for the purpose of sliding or coming down the fire escapes; that Stockton took him to a room on the third floor supplied with a fire escape consisting of a chain about seven feet in length, one end of which was fastened to the wall of the room at the side of the window and the other to a knotted rope of sufficient length to reach the ground when thrown out-

side through the window, and directed appellant to descend from the window in said room to the ground or sidewalk on the outside of the hotel building by means of said chain and rope; that running along outside of the building and immediately under the window was a cement sidewalk, and the lower part of the window was thirty feet above said sidewalk; that when directed by Stockton to descend from the window by means of the rope and chain, appellant informed him that he was afraid the chain was not sufficiently strong to support him, whereupon Stockton assured him that the chain was sufficiently strong and would support, without danger of breaking, 400 pounds; that appellant then requested of Stockton that the chain and rope be lowered through the window to the ground or sidewalk and two men be sent down to swing upon the rope from the ground or sidewalk and thus test the strength of the chain and rope, whereupon Stockton again assured appellant that the rope and chain were safe and strong and would support a weight much greater than appellant's; that appellant, in obedience to Stockton's direction and believing and relying upon his statements as to the strength and safety of the chain and rope, started to descend said chain and rope from the window to the sidewalk; that when he had climbed out of the window and while holding to the chain, and when at a distance of thirty feet from the sidewalk, the chain, without any fault or negligence on appellant's part, broke, causing him, without any negligence on his part, to fall a distance of thirty feet to the cement sidewalk and seriously and permanently injuring him.

It is charged that the injuries suffered by appellant were caused by the carelessness and negli-

gence of appellees, in that they did not test the
rope and chain before directing him to descend,
and did not use every device, care and precaution
which was practicable and possible for them to use
for his protection and safety, limited only by the
necessity for preserving the reasonable efficiency
of the apparatus or device; that it was practicable
and possible for appellees to have tested said chain
and rope as requested by appellant, and otherwise,
and to have caused a net or similar device to have
been suspended under the window above the side-
walk in such a position as to have caught his body
in the event the chain and rope broke, thus pre-
venting any injury to him; that during the time
mentioned in the complaint, said Jay W. Stockton
was acting as the agent or representative of said
other appellees in the management and operation
of the hotel building and the fire escapes.

The statute, which appellees were endeavoring
to comply with at the time of appellant's injury,
was passed in 1909 (Acts 1909 p. 302, §§3841-
3847b Burns 1914). Section 5 of said act (§3845
Burns 1914), after providing that any owner of a
hotel in this state, not already provided with a
suitable device for the protection of human life in
the case of fire, shall place or cause to be placed
in every room of such hotel, except on the ground
floor, a rope or other device, or knotted rope and
chain, or other better appliance by which occupants
of said room can lower themselves with safety
from the window, and after making provision as to
the size of the rope, and that such device shall be
of sufficient strength to support a weight of 400
pounds, has this further provision: "And that
*every device* for escape from fire constructed under
the provisions of this section *shall be tested by
making a descent from the window* or door where

such device for escape is fastened to the ground by the owner or owners or workmen so constructing them, or by any other man under his or their direction, and a record of such descent and by whom made shall be sent to the chief inspector of the department of inspection."

The section of the law, §3862d Burns 1914, *supra*, relied on by appellant as having been violated by appellees, provides as follows: "It is hereby made the duty of all owners, * * * agents, or persons whatsoever, engaged in the care, operation, management * * * of any building * * * or business of whatsoever kind * * * to see and to require that all metal, wood, rope, chains * * * appliances * * * all contrivances * * * are carefully selected, inspected and tested so as to detect and exclude defects and dangerous conditions, * * * and, generally, it shall be the duty of all owners, managers, operators, contractors, sub-contractors, and all other persons having charge of, or responsible for, any work, mechanism, machinery, appliance, building, factory, plants, means, employment, or business of whatsoever nature, involving risk or danger to employes, or to the public, to use every device, care and precaution which it is practicable and possible to use for the protection and safety of life, limb and health, limited only by the necessity for preserving the reasonable efficiency of such structure, ways, work, plant, building, factory, elevator, cars, engines, machinery, appliances, apparatus, or other devices or materials, without regard to additional cost of suitable materials or safety appliances, or safe conditions, or operations, the first concern being safety to life, limb and health."

It is alleged in the first paragraph of complaint

that appellees came to appellant and informed him that: "The state authorities required that the owners of the hotel in question have some one slide down or come down the fire escapes in said building and that report thereof be made in writing to the said State authorities, and that he desired to employ the plaintiff herein to slide down or come down said fire escapes and sign and make such report." It is further alleged in said paragraph that appellant "accepted said employment and accompanied the said Jay W. Stockton to said building for the purpose of coming down or descending said fire escapes."

In determining whether §3862d, *supra*, was intended to apply in the case now under consideration, it becomes important to ascertain the relation which existed between appellant and appellees, as shown by the material averments of said first paragraph of complaint; that is, whether appellant was a servant of appellees, or a mere contractor, and whether it should be held to apply in view of the relations existing between appellant and appellees. "It is well settled that where one lets a contract to another to do a particular

2. work, reserving to himself no control over such work except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is let. * * * When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor, and not a servant." *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365. See, also, *New Albany Forge, etc., Co.* v. *Cooper* (1892), 131 Ind. 363, 30 N. E. 294; *Indiana Iron Co.* v. *Cray* (1897), 19 Ind.

App. 565, 48 N. E. 803; *Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376, 24 N. E. 747; *Carlson* v. *Stocking* (1895), 91 Wis. 432, 434, 65 N. W. 58; *Emmerson* v. *Fay* (1896), 94 Va. 60, 63, 26 S. E. 386; *Hexamer* v. *Webb* (1886), 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; authorities cited in note to 76 Am. St. 383, 393, 394; and note to 65 L. R. A. 480. If the relation of master and servant did not exist between appellant and appellees, and appellant was a mere contractor in the performance of the work which he engaged to do, he became a master, and what was said to him by appellees by way of assurance that the appliance was safe, becomes wholly immaterial. In the case at bar, appellees, as shown by the allegations

3. of the complaint, informed appellant that they had equipped the hotel with fire escapes, and that they were required by the law to have some one slide down or come down the fire escapes, and that report thereof be made in writing to the authorities, and that they desired to employ appellant to slide or come down the fire escapes and make such report. Appellant accepted this employment. Appellee thereby prescribed what should be done, but there is nothing in the complaint to show that appellees had any authority to prescribe how it was to be done. Appellant was left to his own methods, without any control whatever by appellees.

We are of the opinion that the complaint shows that appellant, in the performance of the work which he engaged to do, was not a servant. After the contract was entered into, it was wholly immaterial what was said by the parties if the contract was not thereby changed in character. Appellant's expressions of fear and suggestions of certain tests, and appellees' assurances of safety did

not, in any way, change the relations of the parties which then existed. After the contract was entered into, appellant was his own boss, and if he undertook to perform the task which he had contracted to do, without taking precautions to ascertain whether the equipment was safe, then he incurred all the risk incident thereto. We are of opinion that §3862d, *supra*, was not intended to apply to a case like the one under consideration, where the owner of a hotel building expressly contracts with another to do the particular thing which the statute requires such owner to do or have done.

The lower court did not err in sustaining the demurrer to the first paragraph of complaint. Judgment affirmed.

Hottel, P. J., Moran and Felt, JJ., concur; Caldwell, C. J. and Ibach J. concur in the result.

NOTE.—Reported in 113 N. E. 388. See under (2) 26 Cyc 1546, 1547; 76 Am. St. 382, 384; (3) 26 Cyc 1084.