# WASHBURN-CROSBY COMPANY *v.* COOK.

[No. 9,621. Filed October 15, 1918. Rehearing denied December 19, 1918. Transfer denied June 6, 1919.]

1. TRIAL.—*Verdict.—Answers to Interrogatories.*—The answers to special interrogatories must be in irreconcilable conflict with the general verdict to authorize a judgment thereon. p. 467.

2. TRIAL.—*Verdict.—Effect.*—A general verdict for plaintiff finds in his favor every issuable fact essential to his recovery. p. 467.

3. APPEAL.— *Review.— Verdict.— Answers to Interrogatories.— Scope of Review.*—In passing upon a motion for judgment on the jury's answers. to interrogatories, notwithstanding the general verdict, the court on appeal can consider only the general verdict, the answers to the interrogatories and the issues presented by the pleadings. p. 467.

4. TRIAL.—*Verdict.—Answers to Interrogatories.*—To sustain the general verdict as against the jury's answers to special interrogatories, courts consider all the material facts provable under the issues. p. 467.

5. MASTER AND SERVANT.—*Independent Contractor.—Answers to Interrogatories.—Effect.*—In an action for injuries sustained by one who, while traveling .upon a public street, was kicked by a horse used in defendant's business, but owned by a third person. the jury's answers to certain interrogatories *held* not to show conclusively that the owner was an independent contractor, when the answers to such interrogatories were considered in connection with further answers. p. 467.

6. NEGLIGENCE.—*Injuries to Pedestrians.—Verdict.—Answers to Interrogatories.*—In an action for injuries sustained by a pedestrian when kicked by a horse used by defendant in his business, but owned by a third person, answers to interrogatories *held* not in irreconcilable conflict with general verdict for plaintiff. p. 468.

7. NEGLIGENCE.—*Independent Contractor.—Liability.*—Where one lets a contract to another to do a particular work, and retains no control over the details, means or plans by which the contract is to be executed, but looks only to the ultimate results to be obtained according to the standard agreed upon, he is not responsible for the negligence of the contractor or those who perform the work provided for in the contract. p. 468.

8. MASTER AND SERVANT.—*Independent Contractor.—Personal Injuries.—Liability.—Evidence.*—In an action for personal injuries. where plaintiff alleged that he was kicked by a horse used in de-

fendant's business, and, though known by defendant to be vicious and dangerous, the horse was negligently left in a street to be fed, with no one to control or manage him, evidence showing defendant's participation in the keeping, use and control of the horse, though owned by another, and that defendant knew of the vicious nature of the animal and of the custom of feeding it in the street where plaintiff was injured, was sufficient to sustain a general verdict for plaintiff, it not being essential to a recovery to show that defendant had exclusive control of the horse. p. 469.

9. APPEAL.—Briefs.—Waiver of Error.—Where defendant, although assigning excessive damages as a ground for new trial, fails to state any proposition or point on that subject under the points and authorities in its brief, the question is waived. p. 470.

From Marion Circuit Court (25,048); Louis B. Ewbank, Judge.

Action by Ray H. Cook, by his next friend, Anna B. Cook, against the Washburn-Crosby Company. From a judgment for plaintiff, the defendant appeals. Affirmed.

Elias D. Salsbury, Charles J. Schuh, Charles W. Miller and Frank S. Roby, for appellant.

Guy R. Estabrook, for appellee.

FELT, P. J.—This is an action by Ray H. Cook, a minor, by his next friend, Anna B. Cook, against appellant, to recover damages for personal injuries.

The complaint in one paragraph was answered by a general denial. A trial by jury resulted in a verdict for appellee in the sum of $2,400. Judgment was rendered on the verdict, from which appellant appealed, and has assigned as error that the court erred in overruling its motion for judgment on the answers of the jury to the interrogatories, and in overruling its motion for a new trial.

The complaint charges in substance that appellant

is a foreign corporation doing business in the city of Indianapolis; that as a part of its business in said city it kept and used certain horses in delivering flour, meal and bran to its customers, and at and prior to the time of appellee's injury was such keeper of a certain horse, which was vicious and dangerous and would kick and injure persons, all of which was well known to the defendant; that on November 2, 1914, in said city, the defendant did then and there carelessly, negligently and unlawfully cause, allow and permit said vicious and dangerous animal to run at large on certain streets of said city, in violation of the laws and ordinances of said city, and negligently fed said horse in a trough in and upon the crossing of Davidson and Cross streets in said city, and negligently failed to have any one in charge of him to control and manage him; that appellee was on said day lawfully on said street, and was kicked by said vicious horse and permanently and severely injured.

The answers to interrogatories show in substance that appellant and one J. C. Smith on April 23, 1914, entered into a contract which provides in substance that said Smith shall furnish appellant two teams, drivers, and all equipment exclusive of wagons, which were to be furnished by appellant, to handle and deliver flour for appellant at a stipulated weekly compensation. Smith was to be responsible for all flour handled by his teamsters, and to collect for the same, and remit daily in full all money so collected and make a daily report of all deliveries. He was to provide "first-class teams heavy enough to at all times handle the business" of appellant, and drivers acceptable to Washburn-Crosby Company. The contract further provides that:

"The party of the second part shall act as agent for the party of the first part in all such services as outlined and .in all collections and receipt of money therefor and all payments thus received by the party of the second part for flour thus handled.  *  *  *  This contract to be in force for one year from date, but can be set aside by either party on notice being given the other party in writing or in the event of nonfulfillment of the terms of the contract or unsatisfactory service."

The answers further show that appellee was injured on November 2, 1914, by being kicked by one of the horses owned by J. C. Smith and used in hauling flour for appellant; that said Smith was not at the time of such injury working under the terms of the aforesaid contract; that two teams owned by Smith and so used were at the time eating from boxes, in which feed had been placed by appellant's warehouseman, north of appellant's warehouse; that the horse which kicked appellee was vicious, and appellant had knowledge of the fact that it was vicious and a kicker some time before appellee was injured, and received notice of that fact from said J. C. Smith, appellants' local agent; that J. C. Smith at the time of the injury owned the two teams in use by his teamsters and one of the wagons, and had control of the teams; that appellee when injured was "in Cross street."

Appellant contends that the answers to the interrogatories are in irreconcilable conflict with the general verdict, and show conclusively that the horse which injured appellant was not owned, kept, or controlled by appellant, but was kept, used, owned and

exclusively controlled by J. C. Smith, an independent contractor.

The answers to the interrogatories must be in irreconcilable conflict with the general verdict to authorize judgment thereon. The general verdict finds in appellee's favor every issuable fact essential to his recovery. In passing upon the question presented, we consider only the general verdict, the answers to the interrogatories and the issues presented by the pleadings. To sustain the general verdict, courts consider all the material facts provable under the issues.

The answers which show that Smith and appellant entered into a contract, and that Smith owned and controlled the teams at the time appellee was kicked by one of the horses, do not conclusively settle the proposition that Smith was an independent contractor and that appellant had no control over him or his horses, and was interested only in the ultimate results to be obtained by the contract with Smith.

Other answers, and the facts provable under the issues, show that appellant had or assumed control or management of the horses in whole or in part; that Smith was subject to the orders of appellant in matters pertaining to the details of the work he was to do under the contract; that the parties had abandoned the contract and were not operating under it, and that appellant with knowledge of the vicious nature of the horse participated in feeding him in or nearby the public street, and thereby exposed appellee and others to the danger of being injured while rightfully upon such street.

The answers do show that appellants' warehouse-

man fed the horse on the day of appellee's injury, and that appellant had prior knowledge of the vicious and dangerous tendencies of the horse which injured appellee; also that Smith was the local agent of appellant in the transaction of the business in connection with which the teams were used, and that he was not operating under the contract when appellee was injured. The answers also show that appellee was actually upon a public street, where he had a right to be, when injured.

Some of the answers may tend to nullify others, but considering all the facts found by the answers to interrogatories and those provable under the issues, the answers to interrogatories are not in irreconcilable conflict with the general verdict, which finds that appellee knew of the vicious and dangerous propensities of the horse which kicked appellee, and also kept and controlled him at the time of the injury.

As presented here, we cannot hold the answers to interrogatories conclusively show that Smith was an independent contractor, or that appellant did not have and exercise control over the details of the execution of the contract relied upon, or that it did not have, or assume, control, in whole or in part, over the teams that were hauling for it, or that it was not responsible for placing or leaving the vicious horse in or near the street where appellee was injured.

The general proposition is well established that one who lets to another a contract for certain work to be done, and retains no control over the details, means, or plans by which such contract is to be executed, and looks only to the ultimate results to be thereby obtained, according to the standard

agreed upon, is not responsible for the negligence of such contractor or of those who perform the work provided for in such contract. But such proposition is not available here to overthrow the general verdict for the reasons above' indicated. *Falender* v. *Blackwell* (1906), 39 Ind. App. 121, 127, 79 N. E. 393; *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 222, 104 N. E. 65, Ann. Cas. 1916D 220; *Prest-O-Lite* v. *Skeel* (1914), 182 Ind. 593, 597, 106 N. E. 365, Ann. Cas. 1917A 474; *Indiana Iron Co.* v. *Cray* (1898), 19 Ind. App. 565, 577, 48 N. E. 803; *Lawlor* v. *French* (1895), 14 Misc. Rep. 497, 35 N. Y. Supp. 1077; *Lettis* v. *Horning* (1893), 67 Hun 627, 22 N. Y. Supp. 565; *Grant* v. *Ricker* (1883), 74 Maine 487; *Burns* v. *Michigan Paint Co.* (1908), 152 Mich. 613, 116 N. W. 182, 16 L. R. A. (N. S.) 816; *Foster* v. *Wadsworth-Howland Co.* (1897), 168 Ill. 514, 48 N. E. 163.

Under the motion for a new trial, appellant presents the question of the sufficiency of the evidence to sustain the verdict.

It is contended that there is a total absence of evidence tending to sustain the allegation that appellant kept, or in any way controlled, the horse that injured appellee.

Notwithstanding the provisions of the contract relied upon by appellant, there is evidence tending to sustain the allegations that appellant kept and controlled such horse.

It is not essential to a recovery that the evidence show that appellant alone kept the horse at the time in controversy, or that he had exclusive control of him. There is evidence tending to show appellant's participation in the keeping, use and control of the horse and prior knowledge of his

vicious nature and kicking propensities; also knowledge of the fact, or participation in the act, of placing him at the noon hour in or near the public street upon which appellee was injured.

On appeal such showing is sufficient to sustain the verdict under the allegations of the complaint.. *Gordon v. Kaufman* (1909), 44 Ind. App. 603, 606, 89 N. E. 898; *Indianapolis Abattoir Co.* v. *Bailey* (1913), 54 Ind. App. 370, 375, 102 N. E. 970; *Lettis* v. *Horning, supra; Grant* v. *Ricker, supra; Klenberg* v. *Russell* (1890), 125 Ind. 531, 533, 25 N. E. 596; *Graham* v. *Payne* (1890), 122 Ind. 403, 405, 408, 24 N. E. 216.

It is also contended that the court erred in giving to the jury instruction No. 26 on the measure of damages.

Appellee, as a minor, brought suit by his next friend. The instruction complained of authorized the jury, in case they found for the plaintiff, in assessing his damages to consider "any impairment of

9.    his ability to work and earn money, if any is shown." It is urged that the instruction thus authorized the jury to assess damages for loss of appellee's ability to earn money during the period of his minority from the age of twelve years until he becomes twenty-one years of age; that the evidence also shows that his parents are living.

Appellee contends that no reversible error is shown, though there be an error in the wording of the instruction, and in support of this contention relies on the decisions which hold that the instructions should be considered in their entirety and that an error affecting the question of damages is not available unless the amount of the verdict has been duly challenged in the motion for a new trial and in appellant's briefs.

The motion in this case does assign as one of the causes for a new trial that the damages assessed by the jury are excessive, but no point is made or presented in the briefs in relation thereto.

Appellant in its briefs, under "Points and Authorities," states that the court erred in overruling its motion for a new trial, on the thirty-second assignment of such motion relating to instruction No. 26 given the jury on the court's own motion.

The allegation of the complaint that appellee is a minor is pointed out and it is stated that any reduction of appellee's power to earn money during his minority did not entitle him to recover damages therefor, and for the reason that his wages during such period belong to his parents, unless he has been emancipated, which is not shown in this case.

By the decisions of both courts of last resort in this state it has been held that failure to assign as cause for a new trial that the damages assessed are excessive waives any question on appeal relating to the amount of damages, and likewise that failure to duly and definitely present the question of excessive damages in the briefs of the complaining party, though assigned as a cause for a new trial, amounts to a waiver of such question.

It follows that, by failing to state any point or proposition under the motion for a new trial on the subject of excessive damages, appellant has waived any question relating thereto that might have been presented under such motion. *Carter* v. *Caldwell* (1915), 183 Ind. 434, 437, 109 N. E. 355; *Sovereign Camp, etc.* v. *Latham* (1915), 59 Ind. App. 290, 307, 107 N. E. 749; *City of Terre Haute* v. *Lauda* (1915), 58 Ind. App. 480, 485, 108 N. E. 392; *Chicago, etc., R.*

*Co.* v. *Brown* (1917), 66 Ind. App. 126, 115 N. E. 368, 372; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 140, 107 N. E. 486; *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 229, 100 N. E. 758.

Furthermore, upon the whole record, the case seems to have been fairly tried on its merits. No intervening error has been pointed out which deprived appellant of any substantial right, or which probably influenced the jury in arriving at its verdict.

Considering the undisputed evidence, the serious injury, the permanent harmful results, and the amount of the verdict, it is not at all probable that the result of a new trial would be substantially different or more favorable to appellant than the one out of which this appeal arose. §§407, 700 Burns 1914, §§398, 658 R. S. 1881; *Inland Steel Co.* v. *Ilko* (1914), 181 Ind. 72, 80, 103 N. E. 7; *First Nat. Bank* v. *Ransford* (1914), 55 Ind. App. 663, 668, 104 N. E. 604.

Judgment affirmed.