BOARD OF COMMISSIONERS OF ALLEN COUNTY ET AL. *v.* GABLE ET AL.

[No. 17,268. Filed October 14, 1944.]

*Arthur W. Parry,* of Fort Wayne, for appellant.

*Ira D. Snouffer* and *James P. Murphy,* both of Fort Wayne, for appellee.

ROYSE, J.—This is an appeal from the award of the full Industrial Board granting appellee compensation for medical and hospital expenses resulting from an

injury suffered while in the employment of appellant, The Board of Commissioners of Allen County. The pertinent portions of the finding and award are as follows:

The appellee, George F. Gable, on April 17, 1942, sustained a personal injury caused by accident arising out of and in the course of his employment with the appellant, Board of County Commissioners of Allen County, State of Indiana, caused by striking his head against an iron door of a voting machine while he was repairing such machine, injuring his head in the left parietal region; that he was treated by Doctors Cameron, Shafer and VanBuskirk of Fort Wayne; also by Dr. Hahn of Indianapolis; that the defendant did not furnish the necessary surgical, medical, hospital, or nursing services required by law; that his average weekly wage at the time of the accident was in excess of $30.00, and that he was making an average of $40.00 a week from the City of Fort Wayne for his work as a pumper in the water plant at said time; that for his work repairing machines for the Board of County Commissioners of Allen County, Indiana, his average weekly wage was $29.50 per week; that he did not become totally disabled until September 22, 1942, when he was operated upon by Dr. Hahn at Indianapolis, who removed a part of the skull in the parietal region; that he did not work from September 22, 1942 until December 1, 1942 but that during all that time he was paid a salary of more than $30.00 per week by the City of Fort Wayne, Indiana; that he became temporarily totally disabled on September 22, 1942, and did not return to work until December 1, 1942; that he paid the doctor and hospital expense incurred on account of such injury; that he first sought medical attention for such injury on May 15, 1942, from Dr. Shafer, and that more than 90 days elapsed from such first medical attention on account of such injury before he was treated by Dr. Hahn and before he went to the hospital for his operation; that before he filed his application on December 15, 1942, the parties had disagreed as to the payment of compensation.

The Award:

That appellee, George F. Gable, shall receive compensation from the appellants, The Board of Commissioners of the County of Allen (under the name Board of County Commissioners of Allen County, Indiana), and the Indemnity Insurance Company of North America, at the rate of $16.50 per week during the period of total temporary disability, not exceeding the period fixed by law.

That said appellee shall receive no compensation during the period from September 22, 1942 to December 1, 1942, for the reason that his employer, the City of Fort Wayne, paid his full wage, in excess of the maximum allowed by law;

That the appellants shall pay for the necessary medical, surgical, hospital, and nursing services for the first 90 days after May 15, 1942; and that since the plaintiff has paid for such services, the defendants shall reimburse him for the same;

That the appellants shall not pay for the medical services of Dr. Hahn, nor for the resultant hospitalization on account of the operation performed by Dr. Hahn, as that was beyond the 90-day period after his temporary total disability began;

That the appellants shall pay the costs of this proceeding;

That said appellee shall take nothing from his co-appellee, Allen County, Indiana, as The Board of County Commissioners of Allen County, Indiana, represents Allen County.

The Assignment of error here is that the final award of the full Industrial Board is contrary to law.

It is first contended by appellant, The Indemnity Insurance Company of North America, that there is no evidence of any kind to sustain the award against it. Appellee, in his answer brief, does not discuss this contention under Points and Authorities, but in that part of the brief devoted to Argument he asserts that the cases of *S. G. Taylor Chain Company et al.* v. *Marianowski et al.* (1932), 95 Ind. App. 120, 182 N. E. 584, and *Carter* v. *Neeley's Estate et al.* (1936), 102 Ind App. 257, 2 N. E.

(2d) 221, hold that it is immaterial whether there is sufficient evidence to sustain the award against an insurance carrier. In the Taylor case, *supra*, this court said:

"Under clause C of Section 72 of the act (§ 95417 (c), Burns' Supp. 1929) the insurer is 'bound by and shall be subject to the awards . . . rendered against the insured,' so it is immaterial whether there is sufficient evidence to sustain the award against the appellant Travelers Insurance Company. If they were the insurance carrier at the time of the accident that fact is well known to them as well as the board, and if an award is made against the insured they are liable whether or not specifically named. The board has a remedy to enforce payment if business is to be continued by them in the state, and the insured also has a remedy."

We do not approve this statement. If the company which the claimant sued was not the insurer of the employer, it would be a travesty on justice to say that it was immaterial whether there was sufficient evidence to sustain an award against it. Evidently what the court had in mind was the provision, § 40-1605, Burns' 1933, which provides that all claims under the act may at the option of the claimant be brought against either the employer or insurer or both. Therefore, the insurer is not a necessary party defendant. Certainly there must be evidence of some kind that an insurance company has insured the risk before it can be held liable for a claim thereon.

In the Carter case, *supra*, the right of the Industrial Board to take judicial knowledge of its records was questioned, and it was held the Industrial Board could take judicial knowledge of its own records to the effect, (1) that an employer had not complied with the provisions of the Indiana Workmen's Compensation Act providing for insurance covering his

employees; (2) that he had not secured from the Industrial Board the privilege of carrying his own risk; (3) that he had not rejected the provisions of the Indiana Workmen's Compensation Act. The opinion quoted the provisions of the statute requiring evidence of insurance, or certificate from the board authorizing the employer to carry his own risk, and notice to be filed by the employer with the board when he rejects the act. It was pointed out in the opinion that the Industrial Board had made a finding that the employer had not complied with the act in these particulars. It is not held there that this court will or can take judicial knowledge of the records of the Industrial Board. This court has repeatedly held that it cannot take judicial knowledge of the rules of the Industrial Board. *Carl Hagenbeck and Great Wallace Shows Company* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531; *Wright* v. *Weil Brothers and Company* (1921), 75 Ind. App. 497, 130 N. E. 878; *Blessinger* v. *Olinger* (1933), 97 Ind. App. 636, 187 N. E. 684. Likewise we cannot take judicial knowledge of the records of the Industrial Board.

In the instant case there is no finding by the Industrial Board that appellant Indemnity Insurance. Company had insured the risk here involved. While the Industrial Board can take judicial knowledge of its records, there must be a finding as to what those records show. Where a finding is so made it should state that it is based on such records.

For the reasons herein set out, we hold there was insufficient evidence to sustain the award against appellant Indemnity Insurance Company of North America.

Appellants next contend there is no evidence appellee was in the employ of the Board of Commissioners of Allen County. This contention is based on the fact

that the County Board of Election Commissioners is an independent bi-partisan board whose members are state officers and not county officers, and it is further urged that the statute makes it the sole duty of the County Board of Election Commissioners to adjust, set up and equip voting machines.

In the case of *Board of Commissioners of Washington County* v. *Menaugh* (1895), 13 Ind. App. 311, 41 N. E. 605, the County Board of Election Commissioners ordered tickets, cards of instruction and sample ballots printed at a cost of $94.03. When the claim was presented to the board of commissioners by the printer it was disallowed, and on appeal the circuit court rendered judgment against said commissioners. It was contended in this court that the commissioners alone had the power to contract for such supplies and therefore the county was not liable. In overruling this contention this court held that the County Board of Election Commissioners was not a county officer within the purview of the Constitution or of the statute; that the work was done by the Board of Election Commissioners as required by the statute for the benefit of the people of the county and therefore the county was liable.

In *Board of Commissioners of Jasper County* v. *Babcock* (1904), 33 Ind. App. 349, 71 N. E. 518, the court, in quoting with approval the case of *Board of Commissioners of Washington County* v. *Menaugh, supra,* said: "It may be said that the board, although called the 'county board of election commissioners,' with power to impose a liability upon the county, is not a county officer. And for the same reason it might be said it is not the agent of the county. However, having power to create a liability against the county by contract, it cannot be said that it is not the special agent of the county for that particular business. If it can make a

contract binding upon the county, it must do it through some relation it bears to the county."

In the case here under consideration, the County Board of Election Commissioners was author:~ed by the statute, § 29-2412, Burns' 1933, to service and repair voting machines for the election. This was for the benefit of the people of Allen County and in performing this duty said County Board of Election Commissioners was acting as the special agent of the county. Therefore, we hold that if the appellee was an employee of the Board of Election Commissioners and while so employed sustained an injury arising out of and during the course of his employment, Allen County was liable for any compensation to which he was entitled under the act, and the Board of Commissioners of said County was properly named defendant in said action.

Appellants further contend the evidence establishes that appellee was an independent contractor and not an employee. Appellee asserts that a defense that the injured party was an independent contractor or casual employee is in the nature of a confession and avoidance and must be affirmatively pleaded under a rule of the Industrial Board, which rule is set out. In this appellee is in error. In order to succeed in this action, among other things it was incumbent on appellee to show that he was an employee of appellant. This was his burden. A special answer is only required under the rules of the Industrial Board when the employer admits the injured party was an employee. *Talge Mahogany Company* v. *Beard* (1930), 90 Ind. App. 611, 169 N. E. 540. No such admission has been made here. Therefore, we must examine the record to determine if there is any evidence to sustain

the finding of the Industrial Board that appellee was an employee of appellant.

There was evidence that appellee and another were employed by the Allen County Board of Election Commissioners in February, 1942, to prepare the voting machines used in Allen County for the primary election held in May of that year. They were employed to set up the machines, set the numbers back to zero, put the strips in their proper places when printed, and service the machines for election day. For this service the commissioners agreed to pay them the sum of $4.50 per machine. They both worked on the same machines. The men were permitted by the commissioners to divide this sum in any manner agreeable to them, but in case a dispute arose the commissioners would determine the amount due each man. The commissioners recognized that because many of these machines were old and out of repair, some of them would need extra repair work, and agreed that these men should be paid $1.00 per hour for any necessary repairs. A member of the commission with these men inspected the machines and determined which machines should be repaired. The men so employed could work at such times as they wanted to "provided they got the work going and kept going fast enough to prove to the board that it would be done at the expected time." The board could discharge any of these men at any time, and in fact in 1940 did discharge a man similarly employed because he was unable to properly do the work required. In the event of discharge the employee was paid only for the work he had performed.

The question which we are called upon to determine is: Does this evidence or the reasonable inferences which may be drawn therefrom sustain the finding of the Industrial Board that appellee was an employee of

appellant? Both this court and our Supreme Court have experienced greater difficulty in applying a rule to a given state of facts than in enunciating a rule determining the distinction between an independent contractor and an employee.

In the case of *Marion Shoe Company* v. *Eppley* (1914), 181 Ind. 219, 224, 104 N. E. 65, the court said on this question: "The real test is, Was appellee, at the time he sustained his injury, under the power and control of appellant and subject to its orders and directions in the doing of the work at hand?" See also, *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640.

The Supreme Court, in the recent case of *Mid-Continent Petroleum Corporation* v. *Vicars et al.* (1943), 221 Ind. 387, 396, 47 N. E. (2d) 972, 975, said:

> "The 'control' involved in determining whether the relationship between principal and agent or master and servant is involved must be accompanied by the *power* or *right* to order or direct."

When a claimant establishes that he was in the service of an employer under a contract of hire, express or implied, and the employer asserts the claimant was an independent contractor, the burden is on the employer to prove such fact. Where there is doubt as to whether the claimant was an employee or independent contractor, the doubt is resolved in favor of the claimant. *Meek* v. *Julian* (1941), 219 Ind. 83, 85, 86, 36 N. E. (2d) 854.

Sec. 29-2412, *supra,* provides, in part, as follows:

> "The county board of election commissioners shall, before the day of election, cause the proper ballot

labels to be put upon each machine corresponding with the sample ballot herein provided for, and the machine in every way to be put in order, set and adjusted, ready for use in voting when delivered at the precinct; and for the purpose of so labeling the machine, putting in order, setting and adjusting the same, they may employ one or more competent persons and cause him or them to be paid out of the county treasury in the same manner that other expenses incurred by the said board are paid."

This provision of the statute places the duty and obligation of having the voting machines prepared and ready for election day on the County Board of Election Commissioners. It is their responsibility. The statute leaves it to their discretion as to whether or not they shall employ others to perform the necessary labor to fulfill their obligation. It appears to us that this provision invested such board with the sole control of the work and the exclusive right to order and direct the manner in which it should be performed. The permission to employ, when exercised, does not relieve the board, nor does it authorize a delegation, of the responsibility of the board. We believe that it was the legislative intent that as used in this section the word "employ" was to have the commonly accepted meaning of that word, that is, to create the relationship of employer and employee. We are of the opinion, therefore, there was sufficient evidence to sustain the finding of the Industrial Board that appellee was an employee of the appellant Board of County Commissioners.

We find no merit in appellants' final contention that the employment in which appellee was engaged was casual and not in the usual course of the appellants' business.

The award of the Industrial Board as to the appel-

lant Board of Commissioners of the County of Allen is affirmed with the usual penalty. As to the appellant Indemnity Insurance Company of North America, this cause is remanded to the Industrial Board with instructions to make a finding as to whether or not said appellant insured the liability of appellant Board of Commissioners of the County of Allen. In the event said Board finds that said appellant did insure said risk, the award is affirmed as to it, otherwise the award as to the appellant Indemnity Insurance Company of North America is reversed.

*Flanagan*, J.—Not participating.

NOTE.—Reported in 57 N. E. (2d) 69.