CRANE *v.* PANGERE & LOGAN, INC.

[No. 18,044. Filed November 29, 1950. Rehearing denied January 13, 1951. Transfer denied March 28, 1951.]

*Hodges, Ridgely & Davis,* of Gary, for appellant.

*Roy A. Pope, Burke G. Slaymaker, Theodore L. Locke, Hugh E. Reynolds* and *Charles J. Barnhill,* all of Indianapolis, for appellee.

MARTIN, J.—This action was brought before the Industrial Board of Indiana by appellant, the widow of William Lee Crane, deceased, to recover compensation on account of the death of her husband against the appellees.

The Industrial Board of Indiana found that on the 8th day of December, 1948, appellant's decedent, William Lee Crane, sustained accidental injuries while performing services for appellees as an independent contractor, as a result of which the decedent died on December 9, 1948, and the award was that the plaintiff take nothing.

The appellant assigns and relies upon the assignment of error that the findings and award of the full industrial board are contrary to law.

The evidence further shows that the appellee had a contract with the American Steel Foundries of East Chicago, Indiana, for the loading and removing of large piles of refuse from the company's premises.

At the time, the decedent was engaged in the landscaping business in Gary, Indiana, and at that time worked either by contract, or by the hour, or by the day, for other people. He owned certain equipment including two trucks and an International bulldozer with a lift attachment used for the loading of trucks.

An executive of the appellee company called the appellant on the telephone, and told the appellant that his company had a contract at the American Steel Foundry

plant, and wanted to know if the deceased could come over and help them out for a few days with the bulldozer. Later the appellant called and said that it was all right. An executive of the appellee instructed one of its employees, one Peter Sulich, to contact the deceased and take him to the foundry and show him what was to be done. Nothing seemed to have been said as to the rate of pay; no time in which the work was to be done was mentioned in their conversation. Mr. Crane was just to take two trucks and a bulldozer and go to work. The deceased did go to work with the two trucks and an International bulldozer and worked 8 hours per day, until he was injured.

Proof showed that the prevailing wage and rate in the community where the work was done in November and December 1948 was $2.20 per hour for a bulldozer operator, for the kind of work the deceased was performing, and that the deceased had never been paid for the work he had performed, and no settlement whatsoever made.

A single question is presented by this record, thus: Was the decedent, at the time of his accidental injury and resulting death an employee of the appellee within the definition contained in the Indiana Workmen's Compensation Act? Burns' 1940 Replacement, § 40-1701 (b); Acts of 1933, ch. 243, § 1, p. 1103. That definition is as follows:

"(b) The term 'employee,' as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. . . ."

In the case of *Nash* v. *Meguschar* (1950), 228 Ind. 216, 220, 221, 91 N. E. 2d 361, the court said:

"Our courts have been unable accurately to define the term 'independent contractor' to govern in all cases. As a result there are many definitions and frequently a new set of facts brings forth a variation from all existing definitions. A fairly accurate definition of the term as applied to the facts in the instant case is contained in 27 Am. Jur., Independent Contractors, § 2, p. 481, thus: 'Perhaps one of the most frequently quoted is to the effect that an independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work.' See also *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 596, 106 N. E. 365. In that case at page 597 this court said: 'When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor, and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant.' (Authorities.) As supporting these propositions see: *Standard Oil Co.* v. *Allen, Admr.* (1920), 189 Ind. 398, 404, 405, 126 N. E. 674; *Julius Keller Constr. Co.* v. *Herkless* (1915), 59 Ind. App. 472, 483, 109 N. E. 797; *McGee* v. *Stockton* (1916), 62 Ind. App. 555, 561, 113 N. E. 388; *Washburn-Crosby Co.* v. *Cook* (1918), 70 Ind. App. 463, 468, 120 N. E. 434; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 531, 176 N. E. 640; *Gibbons* v. *Henke et al.* (1940), 108 Ind. App. 481, 483, 29 N. E. 2d 995.

"For interesting definitions, discussion and criticism see annotations, 19 A. L. R. 227, 75 A. L. R. 725, 129 A. L. R. 1006, anno. III.

"It is a well-established general rule that persons occupying the status of independent contractors

are not included within the meaning of the terms 'employee,' 'workmen' or others of similar import, as used in compensation acts, in the absence of any provision requiring such inclusion. 58 Am. Jur.,Workmen's Compensation, § 137, p. 669; Annotation 129 A. L. R. 991; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 596, 106 N. E. 365, *supra*."

In the case of *Meek* v. *Julian* (1941), 219 Ind. 83, 85, 86, 36 N. E. 2d 854, the court said:

"A claimant for compensation makes out a *prima facie* case, in so far as his relationship with his employer is concerned, when he establishes that he was in the service of the latter under a contract of hire, express or implied; and if the employer wishes to defend on the ground that the employment was casual or not in the usual course of the employer's business, the burden is upon him to show such exception. *Domer* v. *Castator* (1925), 82 Ind. App. 574, 146 N. E. 881. The same rule is applied when the employer asserts that the claimant was an independent contractor. *Dobson's case* (1925), 124 Me. 305, 128 A. 401, 42 A. L. R. 603; *Washington Recorder Pub. Co.* v. *Ernst* (1939), 199 Wash. 176, 91 P. (2d) 718, 124 A. L. R. 667; 27 Am. Jur., Independent Contractors, § 59. A measure of liberality is indulged in construing the legislative definition of 'employee,' to the end that in doubtful cases an injured workman or his dependents may not be deprived of the benefits of the humane provisions of the compensation plan; and doubt as to whether the claimant was an employee or an independent contractor is resolved in favor of the former status. *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869; *Domer* v. *Castator, supra*."

Also see *Sprout & Davis* v. *Toren* (1948), 118 Ind. App. 384, 78 N. E. 2d 437; *Board of Com'rs. of Allen Co.* v. *Gable* (1944), 115 Ind. App. 102, 57 N. E. 2d 69.

Applying this rule to the facts in the case before us, it is apparent that the appellant made a prima

facie case establishing the relation of employer and employee. The burden was on the appellee to prove that such relation was that of an independent contractor and we can not find that the facts sustained that burden.

The evidence shows that the appellee was a general contractor, engaged at the time of the accident in question, in moving refuse from the premises of the American Steel Foundries. It had a foreman, one Peter Sulich, on the job where the appellant's decedent worked, and the appellee, through its foreman, kept the time of all men on the job, including the decedent, and gave all orders, and had general control of the work. The only duty of the appellant's decedent was to load trucks with a bulldozer. There was no definite contract that the decedent was to do any certain work or part thereof. No time specified for completion, only a general understanding that appellant's decedent would help out for a few days.

Mr. Pangere, one of the executives of appellee, testified that the appellee made a practice of leasing equipment to supplement their own equipment on the job. Those contracts were made orally. The purpose of using appellant's decedent's equipment was to supplement theirs which was not enough to do a job of that size.

Where the evidence is in conflict, its weight is for the Industrial Board, which also has the right to draw reasonable inferences from the facts established; but there was no substantial conflict in the evidence, and it was sufficient to establish, as a matter of law, that the appellant's decedent was an employee within the meaning of the Workmen's Compensation Act. *Meeks* v. *Julian, supra.*

We cannot say, however, that there was evidence of probative value to the effect that the appellant's de-

cedent was an independent contractor, which the appellee had the burden of proving to defeat the claim.

The award of the Industrial Board of Indiana is reversed, and remanded to the Industrial Board of Indiana for further proceedings not inconsistent with this opinion.

Royse, J., not participating.

NOTE.—Reported in 95 N. E. 2d 216.